# Ward *v.* Hood.

*Action on Replevy Bond.*

1. *Replevy bond; not·made void; when.*—Where property has been levied on by the process of attachment and replevied, and before the execution of the replevy bond judgment had been rendered in the suit and the property levied on condemned to its satisfaction, facts unknown to the sheriff and obligors in the bond, the bond is not thereby made void, but only the condition, and a present debt immediately arises from the obligors to the obligee of the bond unaffected by its conditions.

2. *Measure of damages in suit on.*—A replevy bond being a guarantee for the delivery of the property replevied, the proper measure of damage in a suit on the bond is the value of the property with interest thereon.

3. *One ·of two joint tort-feasors; when not liable.*—Where one wrongfully converts the property of another, the tort may be waived and an action brought for the proceeds arising from such conversion as for money had and received for the use and benefit of the·plaintiff. But where there are two or more joint tort-feasors and the tort is waived the action for money had and received cannot be sustained as to the tort-feasor who did not receive any benefit arising from the conversion.

4. *Assignments of error; waived when not insisted on in argument.* Assignments of error not insisted on in argument will be considered as waived. Mere statements in brief of counsel which are but repetitions of the assignments of error will not be considered as an insistence in argument.

APPEAL from Cherokee Circuit Court.

Tried before Hon. J. A. BILBRO.

S. M. Hood sued Charles P. Ward and others on a replevy bond. The facts are stated in the opinion. Charge 4 refused to defendant is as follows: "If the jury believe the evidence plaintiff is not entitled to recover for money had for use of plaintiff."

B. B. SMYER, for appellant, contended that the court erred in refusing the 4th written charge of defendant,

citing *King v. Martin,* 67 Ala. 177; *P. & M. Ins. Co. v. Tunstall,* 72 Ala. 142; 89 Ala. 641; 90 Ala. 347; 96 Ala. 453.

MATTHEWS & WHITESIDES and JOHN L. BURNETT, *contra.*—Replevy bond not void—only the condition of it. *Hughes v. Edwards,* 9 Wheat. 489; *Sanders v. Conrad,* 15 M. & W. 48; *Duvergier v. Fellows,* 5 Bing. 265; *Adler v. Potter,* 57 Ala. 571. (2). Plaintiff was entitled to recover on common counts.—79 Ala. 164; 82 Ala. 557; 80 Ala. 476. (3). Defendant was a tort-feasor, and it is immaterial whether he committed the tort separately or jointly with Simpson.—*Glover v. Hight,* 12 Pick. 120; *Bank v. Nat'l Park Bank,* 32 Hun. 105; *Terry v. Munge,* 8 L. R. A. 221.

DOWDELL, J.—The replevy bond sued on in this case was executed by the appellant, Charles P. Ward, as a surety with Simpson, Glover & Hight as principal obligors in the bond. The bond contained the usual conditions of a statutory replevy bond to have the property replevied forthcoming to satisfy the judgment rendered. The five bales of cotton, the property replevied, had been levied upon under two attachments sued out in the justice court by the appellee, S. M. Hood, against one J. B. Davis, to enforce the landlord's lien for rent. At the date of the execution of the replevy bond, judgment had been rendered in the attachment suits in the justice court, and a judgment of condemnation for the five bales of cotton. This fact, however, was unknown to the sheriff and the obligors in the bond when the replevy bond was executed and the cotton delivered by the sheriff to the obligors. It is now contended by appellant's counsel that as the condition subsequent in the bond, upon the happening of which the bond is to be void, being impossible of performance at the date of the execution of said bond, renders the bond void.

This contention, we think, is unsupported by sound reasoning and opposed to the plainest principles of common justice. Upon the delivery of the cotton to the obligors and the execution of the bond there was created thereby a *"debitum in præsenti solvendum in futuro,"* upon a contingency; but, as the contingency had already happened, and therefore could not happen again,

unless the defendant or some one for him should take an appeal, which was not done, the facts present either the aspect of a bond with a condition impossible of performance at the time of its execution, or one the condition of which was rendered incapable of performance, and not by any act of the obligee. Neither aspect would exonerate the defendant from liability on the bond.

In *Gannard v. Eslava,* 20 Ala. 742, it was said: "There is a present debt existing at law immediately upon execution of the bond, the condition being a condition subsequent only and operating merely upon the remedy without in any manner changing, diminishing or qualifying the debt itself."

In the present case the delivery of the possession of the cotton by the sheriff to the obligors in the bond formed the consideration of the bond, and the debt was thereby immediately created. The fact that the condition in the bond—an event upon the happening of which the bond would become void—was one incapable of performance at the date of the execution of the bond, does not destroy the obligation or indebtedness created by the bond, but only renders the *condition void. Hudges et al. v. Edwards et ux.,* 9 Wheaton (U. S.) 489; 2 Am. & Eng. Ency. Law (1st ed.) 463, and authorities there cited; Coke's Littleton, 206, A.; *Sanders v. Connard,* 15 M. & W. 48, of Judm.; *De Vergier v. Fellows,* 5 Bingham 265; *Adler v. Potter,* 57 Ala. 571. "A condition may be impossible or repugnant, or it may be so expressed as to be void for uncertainty or insensibility. And when the true meaning cannot be ascertained, or when ascertained the condition cannot be enforced, the obligation will nevertheless be binding at common law, and herein lies an important distinction between conditions void for illegality, and conditions void because merely defective."—4 Am. & Eng. Ency. Law (2nd ed.) 663, and authorities there cited; *DaCosta v. Davis,* 1 B. & P. 282; also p. 686, note 1, 4 Am. & Eng. Ency. Law (2nd ed.).

As the event named in the condition of the bond, i. e., judgment in favor of the plaintiff in the attachment suit for the satisfaction of which the cotton was to be

delivered up by the obligors, had already taken place, the plaintiff's right of action on the bond arose immediately upon the execution of the same. The bond being a guarantee for the delivery of the cotton for the satisfaction of the judgment in attachment, the proper measure of damages in a suit upon the bond would be the value of the cotton with interest thereon.

The present suit was originally brought against Charles P. Ward and Simpson, Glover & Hight, but was discontinued on motion of the plaintiff as to the last three named, no service having been had upon either of them. The complaint contained a count for money had and received. The evidence shows without conflict that Chas. P. Ward, against whom the action is alone prosecuted, was the surety of Simpson, Glover & Hight on the replevy bond, and that the cotton in question was shipped to Rome, Ga., and there sold by the said Simpson, Glover & Hight. There is no evidence showing that the proceeds, or any part of the proceeds of the sale of said cotton ever came into the hands of Chas. P. Ward. The action for money had and received is equitable in its nature and is based upon the theory that one person shall not unjustly be enriched at the expense of another. It properly lies wherever one has received or holds money which *ex equo et bono* belongs to another. Where one wrongfully converts the property of another, the tort may be waived and an action be brought for the proceeds arising from such conversion as for money had and received for the use and benefit of the plaintiff. But where there are two or more joint tort-feasors, and the tort be waived, the action for money had and received for the use and benefit of the plaintiff cannot be sustained as to the tort-feasor who did not receive any benefit arising from the conversion. In waiving the tort and suing in this action there is a ratification of the contract of sale which constituted the conversion, and the suit can only be maintained against him or those who received the proceeds of such sale or received the benefits of the same. As there is no evidence that the defendant, Chas. P. Ward, ever received any of the proceeds arising from the sale of said cotton, or was in anywise benefited thereby, the court erred in refusing the fourth written charge requested by the defendant.

[Wilkinson, Banks & Co. v. Buster.]

There are several other assignments of error, but as they are not insisted upon in argument by appellant, they will be considered as having been waived. The mere statement in brief of counsel that "the court erred in overruling defendant's demurrer to the complaint," or in "sustaining plaintiff's demurrer to defendant's plea," which is but a repetition of the assignments of error, will not be considered by this court as an insistence in argument.

For the error pointed out in the refusal to give defendant's written charge No. 4, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.