# Western Union Telegraph Company *v.* Smith.

## *Delay in Delivery of Telegram.*

### (Decided November 7, 1914. 66 South. 578.)

1. *Telegraphs and Telephones; Delay, in Delivery; Negligence; Jury Question.*—Where it appeared that a postal addressed as was the message was properly delivered in due course of mail, and that the sendee was within three doors of the address, and had arranged to forward to him any letters or messages, the question of negligent delay in the delivery of a telegram to him was for the jury, although the testimony of messenger boy and operator, if true, showed proper diligence in attempting to locate the place to which it was addressed, and the sendee.

2. *Same.*—Whether a plaintiff could and would have reached his child before its death, had the telegram announcing its sickness been seasonably delivered, is a question for the jury, the plaintiff having testified that he had the money and means at hand, and could and would have gone to its bedside.

3. *Same; Liability; Address.*—If the address on a message is an impossible or incorrect one when given to the company for transmission, the company is not liable for delay in delivery proximately caused thereby.

4. *Charge of Court; Misleading.*—Charges containing misleading tendencies may be refused without error.

5. *Same; Applicability to Evidence.*—Charges requested by defendant when correct, as applied to the evidence introduced by it, should be given as requested, if not substantially covered by charges given.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by W. D. Smith against the Western Union Telegraph Company for delay in delivery of a message. From a judgment for plaintiff, defendant appealed to the Court of Appeals, from which the case is transferred. Reversed and remanded.

The facts sufficiently appear from the opinion. The following charges were refused to defendant:

(15) Plaintiff charges defendant with the failure to exercise a reasonable diligence in the transmission and

delivery of the message sued on herein, and if you are reasonably satisfied from the evidence in this case that any delay in the delivery of the message was proximately caused by, or was due to, the fact that the address given on the message was incorrect or difficult to find by reason of indefiniteness, even with the exercise of reasonable diligence, you will not be authorized to find that plaintiff's failure to attend the bedside of his sick child was caused by any breach of duty or contract on the part of plaintiff.

(23) If you are reasonably satisfied from the evidence that the address given on the message was "826 Ave. D, Bessemer, Ala.," and that such address was not plaintiff's correct address, or was an obscure address that could not be found by the exercise of reasonable diligence, and that the message was promptly transmitted to Bessemer, and there, within a reasonable time, a reasonable effort was made by defendant's agent at Bessemer to locate and deliver the message to plaintiff, and that there was no such address as "826 Ave. D" within the city of Bessemer, or in the vicinity thereof, or that said address could not be found by the exercise of reasonable diligence, your verdict must be for the defendant.

(24) If you are reasonably satisfied from the evidence that, when the message was received by defendant at Bessemer, it made proper and diligent efforts to deliver the message to plaintiff, and that there was no such address in the city of Bessemer, or within the immediate vicinity thereof, as "826 Ave. D," and that the defendant exercised reasonable diligence in attempting to locate plaintiff and deliver the message, and that an incorrect or obscure address on the message proximately caused the delay in the delivery of the message, your verdict must be for the defendant.

(26) I charge you, gentlemen of the jury, that where a specific address is given upon a message when received by a telegraph company for transmission, it is the duty of the telegraph company to use reasonably diligent efforts to make delivery at that address; and, if the address given is an impossible or incorrect address, and delay in the delivery is proximately caused by reason of that fact, rather than the negligence of the company, the telegraph company would not be liable to the addressee for such delay.

FORNEY JOHNSTON, for appellant.

GIBSON & DAVIS, for appellee.

MAYFIELD, J.—The action is to recover damages for delay in the transmission and delivery of a telegram. The telegram was sent from Pell City, Ala., to Bessemer, Ala. The message was as follows:
"249 AN. M. 7.

"Pell City, Ala., June 29, 1911.
"W. D. Smith, 826 Avenue D, Bessemer, Ala.
    "Baby is very sick; come at once.
                                        "Belle Smith.
"A                         3 :05 p. m.
"12 MR—DA—MC—3 :11 p. m."

The evidence showed that the message was delivered to the telegraph company at Pell City, between 1 and 2 o'clock p.. m., on the above date, but that it was not delivered to the sendee until the forenoon of the next day. The message was received at Bessemer at 3 :12 p. m. of the day it was sent, and it appears that efforts were made to deliver the same, by both the operator, who was a lady, and the messenger boy, who was 14 or 15 years of age, but without success. The testimony

shows that they were unable to locate Avenue D, or the sendee, and that thereafter a postal card was written, addressed as was the message, notifying the sendee of the telegram, and mailed at Bessemer, and that this card was delivered on the morning of the next day by the mail carrier.

While the evidence of the operator and of 'the messenger boy, if true, shows that they used proper diligence in attempting to locate the sendee and the place to which the message was addressed, yet the fact that the postal card was promptly delivered in the due course of mail, though it was addressed just as the message was, made it a question for the jury on the issue as to whether there was any actionable negligence as to the delay in the delivery. It was likewise a question for the jury whether the plaintiff could and would have reached his child before its death, even if the message had been transmitted and delivered promptly.

The facts of this case clearly distinguish it from that of *Western Union Telegraph Co. v. McMorris,* 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46, and other similar cases cited. Here it was shown that the sendee was within three doors of the place of the address, and that he had made arrangements for having letters or messages of importance forwarded to him, and that, if the message had been promptly sent to the place of its address as the card was, it would have been delivered as the card was. The plaintiff testified that: "I had the money and means at hand, if the message had been delivered to me on the afternoon of January 29th, to pay my fare, and would have gone to the bedside of my sick child."

There was no such evidence as this in the *McMorris Case, supra,* nor in *Crowley's Case,* 168 Ala. 583, 48 South. 381, nor in the other cases cited. This question

[Central of Georgia Railway Company v. Crane.]

was clearly one for the jury, and there was no error in refusing the affirmative charge for defendant, nor those which requested instructions that there could be no recovery of damages as for mental pain and anguish.

Charge 14 possessed misleading tendencies, and was properly refused. Charges 23 and 24, however, were correct charges, as applied to the evidence in this case. The defendant's evidence tended to prove the facts hypothesized in the charges, and it had a right to have the law charged on its theory of the evidence; and if this evidence was true, then plaintiff was not entitled to recover. We do not think that these charges were sufficiently covered. Charge 26 asserted a correct proposition of law, and should have been given.

We find no error in the rulings on the evidence.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.