50 So.2d 731

## CALVERT v. BYNUM.

### 6 Div. 54.

Supreme Court of Alabama.

Feb. 15, 1951.

Nash & Nash, Oneonta, for appellant.

174

R. G. Kelton, Oneonta, for appellee.

LAWSON, Justice.

This is a statutory action in the nature of ejectment by J. H. Calvert against J. L. Bynum.

The suit was to recover possession of land described in the complaint as follows: "Lots Numbers one (1), two (2), three (3), four (4), and five (5) in Block Number six (6) and also that part of Block six (6) marked on the Map of Pinehurst as 'Reserved' according to map and survey of Pinehurst Addition to Town of Oneonta, Alabama."

Defendant, pursuant to § 942, Title 7, Code 1940, suggested that the suit arose over a disputed boundary line, and described the location of the line claimed by him as follows: " 'Beginning at a point 281.5 feet north of the Southeast corner of the Southeast fourth of the Southeast quarter of Section Thirty one (31), Township Twelve (12), Range 2 Two East, Running thence South 38° West, 160 feet to a corner; thence North 84°30' West 150 feet to a stake; thence South 62° West 210 feet to a stake' such description being the line between the plaintiff and the defendant as coterminous land-owners, and the same being as surveyed and platted by H. W. Brown, County Surveyor of Blount County, Alabama, on the 5th day of December, 1934, and being of record in Deed Record Vol. 87, page 405, record of Deeds in the Probate Office of Blount County, Alabama."

It is apparent that defendant's suggestion does not involve the title, but the boundary line of the parties. The several grounds of demurrer to defendant's plea or suggestion were properly overruled. Cox v. Cook, 245 Ala. 668, 18 So.2d 406. We have examined the original transcript in the case last cited and find that the suggestion or plea of the defendant in that case and the grounds of demurrer interposed thereto are strikingly similar to the pleadings here involved.

After his demurrer was overruled, plaintiff filed what is termed an answer to the suggestion of boundary line dispute made by defendant. It reads: "Now comes the Plaintiff and denies all of the material averments alleged in the suggestion of disputed boundary line filed in the above styled cause. The plaintiff avers that the lines of the property sued for are the lines as described in the complaint." By virtue of this so-called answer the plaintiff merely took issue on the averments of the defendant's suggestion of a boundary line dispute. The jury found in favor of the defendant and judgment was entered accordingly. The plaintiff has appealed to this court.

The mere repetition in brief of counsel for appellant of the assignment of an error on the record has been repeatedly held by this court not to amount to insistence in argument, and in such case the assignment will be regarded as waived. Ward v. Hood, 124 Ala. 570, 27 So. 245; Pitts v. Phoenix Auction Co., 153 Ala. 635, 45 So. 150; Alabama Steel & Wire Co. v. Sells, 168 Ala. 547, 52 So. 921; Ogburn-Griffin Grocery Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434; Boswell v. Land, 217 Ala. 39, 114 So. 470; Tindell v. Guy, 243 Ala. 535, 10 So.2d 862.

As a sample of the argument in appellant's brief on many of the assignments of error, we quote the following: "Under assignment subdivision 'D' of assignment

of error 7, we think the court made manifest error in refusing to exclude the affidavit in evidence as set forth in sub-paragraph c. Under sub-paragraph 'e' of assignment of error 7, the same applies in that case. We do not think that the affidavit of H. W. Hughes was admissible in evidence in this case and as shown under sub-paragraph 'f' of said assignment of error 7, we think this should have been excluded on motion of the plaintiff in the court below." This, in reality, is nothing more than a repetition of the assignment on the record, and, under the cases above cited, those assignments so treated in brief cannot be considered an insistence in argument and will be treated as waived.

■ The plaintiff was not entitled to the general affirmative charge. Under the pleadings in this case the issues were as follows: Were the plaintiff and defendant coterminous landowners and if so, was the boundary line between their properties as described by the defendant? That the parties are coterminous landowners is shown beyond any doubt. Even plaintiff's witnesses so testified. The evidence is almost without dispute that for fifteen years or more the defendant had the actual, peaceable and exclusive possession of the property north of the boundary as claimed by him.

Our holding in Mintz v. Millican, 248 Ala. 683, 29 So.2d 230, supports the theory of the defense of adverse possession as here involved. See Guy v. Lancaster, 250 Ala. 226, 34 So.2d 10, and cases cited.

■ As this is a boundary line dispute, the statute, § 828, Title 7, Code 1940, to which reference is made by counsel for appellant as requiring color of title as an indispensable element of adverse possession in some cases, has no application. Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Hancock v. Warren, 235 Ala. 180, 177 So. 907; Guy v. Lancaster, supra; Denton v. Corr, 250 Ala. 149, 33 So.2d 625.

■ A plat or map of lands surveyed by a county surveyor is not self-proving, or evidence per se, unless made upon notice to the parties, signed officially, and showing the matters prescribed by statute. § 7, Title 56, Code 1940. But a surveyor, shown to have experience as such, may testify as a witness to his survey and its correctness, whereupon the plat or map may be admitted in evidence in connection with his testimony. Hill v. Johnson, 214 Ala. 194, 106 So. 814, and cases cited.

■ The survey of defendant's land made in 1934 by H. W. Brown was properly admitted in evidence, Brown having testified to his experience of many years; that he was county surveyor and as such made a survey of the lands of defendant in 1934 in accordance with defendant's deed, which was in his possession at the time the survey was made; that the survey was made to determine the boundaries to defendant's land; that the survey was correct.

■ A party is entitled to have his theory of the case made by the pleadings and issues presented to the jury by proper instructions. Western Union Telegraph Co. v. Smith, 189 Ala. 534, 66 So. 578. This was the evident purpose of defendant's requested charge No. 5 which was given by the trial court. The charge might well have been refused because of the failure to use the words "reasonably satisfied from the evidence" rather than the word "find." But neither the giving nor the refusal of such a charge will, as a rule, work a reversal. Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214.

■ Appellant's complaint of the trial court's action in giving defendant's charge No. 6 is that it is abstract. We cannot agree with this contention.

■ The only complaint made by counsel for appellant as to charge No. 7 given for defendant is that it is abstract. It is abstract only in the sense that there was no evidence showing that defendant had color of title. But the giving of an abstract charge is not reversible error unless it is manifest from the record that the jury has been misled. Southern Home Ins. Co. v. Boatwright, 231 Ala. 198, 164 So. 102. Under the evidence in this case we are unwilling to say that the giving of charge No. 7 misled the jury. We think

176

the charge might well have been refused for other reasons, but are not willing to base a reversal of this case on the giving of this charge.

We have considered those assignments of error which have been sufficiently argued in brief and, finding no reversible error as to any of them, the judgment is affirmed.

Affirmed.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.