228 So.2d 1

Frances B. JONES

v.

J. D. BLACKMAN et al.

4 Div. 325.

Supreme Court of Alabama.

Nov. 13, 1969.

Jack W. Smith, Dothan, for appellant.

No Attorney for appellees on appeal.

PER CURIAM:

This is an appeal from a judgment of the Circuit Court of Dale County which sustained a contest of the alleged will of one Emma Blackman McDaniel, and denied the petition to probate it as such. The case was tried by a jury and the judgment was in accordance with the jury verdict. A motion for new trial was timely filed and overruled

By the terms of the will, decedent devised to her niece, Frances B. Jones, appellant, certain improved real property located near Ozark, in Dale County, Alabama. This property was leased to the Pure Oil Co., and generally known as the Pure Oil Truck Stop. As a condition to the will, a separate agreement was signed by decedent and her niece relating to the management and operation of the filling station, and included a transfer of the lease to Frances B. Jones. The will provided for certain services of aid and assistance to testator and her husband, James Marvin McDaniel, by the niece

Finally, the will appointed the said Frances B. Jones, as executrix, to serve without bond.

Emma B. McDaniel died on September 17, 1966, and a petition was later filed in the Probate Court of Dale County for the probate of said will by Frances B. Jones.

Thereafter, J. D. Blackman and Jack E. Blackman, nephews of Emma B. McDaniel, filed a contest to the probate of said will and demanded the transfer of said contest to the circuit court for a trial by jury. Demurrers to the petition were filed along with an answer. An amendment was thereafter filed restating the grounds of contest. This brought the case to issue. There are no questions here presented relating to the pleadings.

There are nineteen assignments of error, but all are not argued. Appellees' counsel joined in the appeal, asserting no error in the record, but did not file a brief.

▮ Proponent called J. Hubert Farmer, an attorney from Dothan who prepared the will and the related agreement. He gave testimony regarding the execution and attestation of the will by decedent, his secretary and himself. Then proponent rested.

A motion to exclude the evidence was presented, in the absence of the jury, the contestant contending there was no proof of required jurisdition of facts, such as legal age of testator and that she was a resident of Dale County at the time of death. The court then permitted proponent to reopen the case and Frances B. Jones was called as a witness.

The witness testified as to age and residence of decedent. When opposing counsel began the cross-examination, counsel for proponent requested the court to limit the examination. The appellant contends (Assignment of Error No. 1) "The Court erred in permitting Mr. Copeland, for contestants, to cross-examine Frances B. Jones on matters not testified to by her on direct examination."

There was no error in permitting cross-examination of witness Frances B. Jones on matters not brought out on direct examination. Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 15 So. 230; Coward v. McKinney, 277 Ala. 513, 172 So.2d 538;

Riddle v. Dorough, 279 Ala. 527, 187 So. 568; McElroy, Law of Evidence in Alabama, 2d Edition, Vol. 3, Sec. 438.01.

For reasons indicated above, related assignments Nos. 2, 3, 4, 5, 8 and 11 argued in bulk, and all dealing with rulings of the court during the examination of witness Frances B. Jones, are without merit.

*Assignment of Error No. 12*

▮ Proponent requested the following written charge, which was refused:

"Charge 3. Gentlemen of the Jury, I charge you that if you believe the evidence in this case you cannot find for the contestants upon the ground of contest (c) viz: 'At the time the alleged will was purportedly executed the decedent Emma Blackman McDaniel was not of sound mind and disposing memory.'

"Refused /s/ Mike Sollie, III, Judge"

In Little v. Sugg, 243 Ala. 196, 8 So.2d 866, this Court, in discussing the refusal of certain written charges in a will contest said: "There were other issues, notably undue influence and mental incapacity to make a will. It is as though there were several counts in a complaint."

In the instant case, the contestants restated the grounds relied on by filing an amended contest reading as follows:

"(a) The purported will of Emma Blackman McDaniel was not executed in the mode and manner prescribed by law.

"(b) The purported will of Emma Blackman McDaniel was not attested in the mode and manner prescribed by law.

"(c) At the time the alleged will was purportedly executed the decedent Emma Blackman McDaniel was not of sound mind and disposing memory.

"(d) The alleged will offered for probate was procured by undue influence exercised upon the decedent.

"(e) The alleged will was obtained by fraud by Frances B. Jones, in that the said Frances B. Jones falsely and fraudulently represented to the said Emma McDaniel that if the said Emma McDaniel would make and execute said instruments, Francis B. Jones would do and perform the obligations therein contained which representations were of a material fact or facts and were made wilfully to deceive or recklessly without knowledge and were acted upon by the said Emma Blackman McDaniel.

"(f) Under the purported will the full and complete performance by the said Frances B. Jones of the duties and obligations set forth in said instrument is a condition precedent to said instrument being such an instrument as would be entitled to be admitted to probate and the said Frances B. Jones has failed to perform such duties and obligations."

Grounds (a) and (b) were conceded by all, and the court in its oral charge eliminated this issue from the jury stating: "Those grounds are set out in a piece of paper which you will have for your consideration. The grounds are lettered 'A' through 'F,' and I charge you that as a matter of law you cannot find for the contestants on grounds 'A' or 'B' * * *." Continuing the oral charge, the court stated: "The contestants go further in other grounds which you will have before you, in saying that testator did not have that degree of mental capacity the law requires before anyone can legally make a binding will at the time the will was made. That is that she was of unsound mind."

Thereafter, the court in the oral charge submitted a guide for determination of testamentary capacity, and finally this statement: "Let me say here that it is well settled law in this state that the testator is presumed to have a sound mind and disposing memory at the time of the making of the will, and the burden of overcoming this presumption is on the persons seeking to prevent the will being probated."

Clearly, the issue of testamentary capacity was submitted to the jury.

Refused Charge No. 3 was in proper form and should have been given, if, as appellant contends, there was no evidence "in the entire trial to the effect that Mrs. Emma B. McDaniel was not of sound mind and disposing memory at the time she made the will."

We have carefully read the entire transcript detailing the evidence of all witnesses. While we find several instances where there is substantial testimony that Mrs. McDaniel was of sound mind and knew what she was doing, we could not, and did not find the slightest evidence from which the jury could infer any impairment of mind or memory at the time she signed the will. The proponent was entitled to have the requested charge given. The refusal of said charge was error to require a reversal.

A party is entitled to have his theory of the case made by the pleadings and issues presented to the jury by proper instructions. Western Union Telegraph Co. v. Smith, 189 Ala. 534, 66 So. 578; Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731.

Having decided the case must be remanded, we do not consider the other questions presented on this appeal.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.