358 So.2d 164 (1978)
In re the PROCTOR AGENCY, INC. and George H. Proctor
v.
Shelby ANDERSON.
Ex parte the Proctor Agency, Inc. and George H. Proctor.
SC 2610.
Supreme Court of Alabama.
March 10, 1978.
W. Harold Albritton, Andalusia, for petitioners.
Allen Edward Cook of Cook & Cook, Andalusia, for respondent.
TORBERT, Chief Justice.
Shelby Anderson, the respondent, sought damages at the trial court below for an alleged misrepresentation made by the petitioners and relied on by the respondent to his detriment. A member of the Andalusia Rescue Squad, Anderson was injured while engaged in a rescue effort in January of 1975. He later found out from his doctor that he had an inguinal hernia a condition *165 which, to be corrected, would require surgery.
To absorb some of the prospective medical expenses which would arise if an operation were performed, Anderson sought an assurance of coverage under the rescue squad's group policy with St. Paul Fire and Marine Insurance Company. He talked to Joe Proctor of The Proctor Agency, the firm which handled the rescue squad policy for St. Paul, and he testified that Proctor told him to go ahead and have the operation and that "it's nothing to worry about." (Proctor claims that he did not tell Anderson that he was covered under the policy and that he should have the operation.)
According to his testimony Anderson would have sought surgical treatment "sooner or later," but he decided to undergo such treatment as soon as possible in reliance upon medical advice and Joe Proctor's assurance of coverage under the rescue squad policy. Subsequent to the operation, Anderson's claim for payment of medical expenses was refused by St. Paul. Anderson filed suit against George Proctor, The Proctor Agency, Inc., and St. Paul Fire and Marine Insurance Company for misrepresentation. Joe Proctor was apparently added as a defendant at the pre-trial conference. (The propriety of this action by the trial court cannot be addressed by this court because the issue was not properly postured for review.)
The jury returned a verdict of $2500 for Anderson, and all but one of the defendants (Joe Proctor) joined in the appeal to the Court of Civil Appeals. That court affirmed the judgment with respect to George Proctor and The Proctor Agency, but it reversed the judgment against St. Paul. The Court of Civil Appeals, on rehearing, declined to decide Joe Proctor's status in this case.
The defendants remaining after the appeal, George Proctor and The Proctor Agency, have petitioned this court on certiorari to review the decision of the Court of Civil Appeals. They argue that the failure of the trial court to instruct the jury on an essential element of the plaintiff's case was reversible error since the evidence on this issue was in conflict, and they alleged as grounds for the issuance of a writ of certiorari that this is a material question of first impression in Alabama. Ala.R.App.P. 39(c)(3). We disagree that this issue is one of first impression, and we therefore decline to address the petitioners' first contention.
As stated above, the verdict rendered for the respondent was in the amount of $2500. The Court of Civil Appeals stated that punitive damages were assessed by the jury in this case (see St. Paul Fire & Marine Insurance Co. v. Anderson, 358 So.2d 151, at 157 (Ala.Civ.App.1977)), and their conclusion is supported by the fact that, after the respondent's personal insurance coverage absorbed part of his medical expenses, the remaining unpaid costs of the operation totalled $546.06 almost $2000 less than the amount of the jury verdict.
The petitioners argue that punitive damages are not allowable in a suit for misrepresentation unless the misrepresentation was made with the intent to injure the plaintiff. We agree with the petitioners that an award of punitive damages was not appropriate in this case, and we reverse the decision of the Court of Civil Appeals on this issue.
Punitive damages are generally intended as a deterrent to morally culpable conduct, and in misrepresentation cases they are usually restricted to instances where there is not only a knowing misstatement, but where the fraud is also gross, oppressive, or aggravated. D. Dobbs, Law of Remedies § 9.2, at 607 (1973). The court in Bolton Ford of Mobile, Inc. v. Little, 344 So.2d 1208 (Ala.1977), noted the importance of the defendant's "intent to deceive" when assessing the propriety of allowing punitive damages in a suit for misrepresentation. The Bolton court cited the case of Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961), where it was stated that:
"The rule is that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive, and is committed with an intention to so injure and defraud." *166 Id. at 547,133 So.2d at 26. This well-established rule has been consistently followed in Alabama. Winn-Dixie Montgomery, Inc. v. Henderson, 353 So.2d 1380, 1383 (Ala.1977); Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976) (intention to defraud construed as knowledge of the falsity of the representations); Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970); Continental Volkswagen, Inc. v. Soutullo, 54 Ala.App. 410, 309 So.2d 119 (Civ.App.1975); Mid-State Homes, Inc. v. Holt, 52 Ala.App. 415, 293 So.2d 476 (Civ. App.1974).
The respondent's claim for damages was based on Alabama's misrepresentation statute Title 7, section 108, Code of Alabama 1940 (§ 6-5-101, Code 1975):
"Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."
This court has recently held that, in those cases essentially covered by section 108,
"punitive damages are only allowed where a material misrepresentation is made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive and committed with an intent to injure."
United States Fidelity & Guaranty Co. v. McKinnon, 356 So.2d 600, 608 (Ala.1978) (emphasis added). Other recent decisions of this court dealing with punitive damages for misrepresentation have emphasized the gross nature of the fraud or the maliciousness of the defendant's conduct. Winn-Dixie Montgomery, Inc. v. Henderson, 353 So.2d 1380 (Ala.1977); International Resorts, Inc. v. Lambert, 350 So.2d 391, 395 (Ala.1977) (misrepresentation made "heedlessly without any regard to the consequences"); State Farm Mutual Automobile Insurance Co. v. Ling, 348 So.2d 472 (Ala. 1977) (punitive damages awarded for suppression of the truth).
The petitioners received a directed verdict in their favor as to the "wilfully to deceive" count in the respondent's complaint, and the facts as related to us through the opinion of the Court of Civil Appeals fail to show that the petitioners intended to injure or deceive the respondent. Neither do the facts indicate that such action amounted to gross, malicious, or oppressive conduct. An award of punitive damages is not allowable in this case.
The decision of the Court of Civil Appeals regarding punitive damages is reversed. The case is remanded to that court for the formulation of an appropriate order.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I concur in the opinion of the Court to reverse on the punitive damages aspect of the Court of Civil Appeals' opinion. I do not believe there is sufficient evidence from which a jury could reasonably infer either that the fraud was gross, malicious, or oppressive, or that it was committed with the intent to deceive. At most, the circumstances tend to show that the representation of coverage, though untrue, was made innocently or mistakenly. This is entirely different from those incidents where the speaker's misrepresentation of material facts are intended to induce action of another to the speaker's immediate benefit. See, e. g., Lonnie Russell Ford v. Mitchell, 279 Ala. 340, 185 So.2d 132 (1966). These type cases lend themselves readily to circumstances from which the grossness or oppressiveness of the fraud or its perpetrator's intent to injure may be reasonably inferred. Although the applicable test is subjective in nature, the circumstances of the instant case, in my opinion, are not such that reasonable minds could infer facts constituting either of the alternative elements essential to recovery of punitive damages.
More specifically, my purpose in writing this special concurrence is to deal with, and hopefully to clarify, that aspect of the opinion below not dealt with by the opinion of *167 this Court the trial Court's refusal of the "intent to induce the Plaintiff to act" requested charge. The Court of Civil Appeals is correct in declining to reverse on this allegation of error. Though its rationale is likewise correct, it is unfortunate that the Court grounded its conclusion on "harmless error." If, indeed, the refusal of the charge was error, then, as Appellants contend, it was reversible error.
It is settled law that each party is entitled to have proper instructions given to the jury regarding the issues presented. Jones v. Blackman, 284 Ala. 684, 228 So.2d 1 (1969); Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731 (1951); Western Union Telegraph Co. v. Smith, 189 Ala. 534, 66 So. 578 (1914). Given this principle, it cannot be said that the refusal of a proper requested charge on an essential element of a claim could be harmless. Veitch v. Hard, 200 Ala. 77, 75 So. 405 (1917).
But this misdenomination "harmless error" does not detract from the correctness of the holding. It was not error to refuse the requested charge for two separate and distinct reasons:
1) As the opinion of the Court of Civil Appeals points out, the charge does not fit the facts of this case. The intent on the part of the speaker to induce the Plaintiff to act is an essential element of the claim only in the factual context of representations of a casual nature, or where the reasonableness of the Plaintiff's reliance thereon is made an issue.
37 C.J.S. Fraud, § 22b(1) (1943), states the general rule:
"There can be no recovery for representations of a casual nature made without intent to induce any action whatsoever. To be remediable, it must appear that the representations were intended to induce action, or that the speaker should reasonably have recognized that they were likely to induce action."
Here, the alleged representation was made in reply to a specific inquiry of the Plaintiff; and the answer, if believed, shows on its face an expectation of reliance thereon by the Plaintiff. There are no circumstances from which it may reasonably be inferred that the alleged misrepresentations were made other than with the intent to induce the Plaintiff to act thereon.
2) The second reason for affirming the refusal of the charge is reflected in the latter portion of the above-quoted rule from C.J.S. Even if factually relevant, a requested charge which ended, as this one did, with the "intent to induce Plaintiff to act" would be incomplete. The alternative language ("or that the speaker should reasonably have recognized that they were likely to induce action") was necessary to constitute a correct statement of law.