This appeal arises from a jury verdict in favor of Plaintiff-Appellee, Julia G. Smith, awarding her benefits under a life insurance policy allegedly obtained on the life of her husband. We reverse and remand.
Because our reversal is grounded solely on the error of the trial Court in granting Plaintiff's requested charge relating to the effective date of the policy (and thus a retrial is probable on the theory of misrepresentation), a detailed recital of the facts other than those essential to this narrow point would be inappropriate.
On February 18, 1976, Hardee W. Hester, an agent of Defendant-Appellant, Liberty National Life Insurance Company, solicited an offer to purchase life insurance from the Smiths. The coverage sought was a $20,000 whole life policy on Smith's husband. The application also requested an additional $20,000 accidental death provision on Mr. Smith and similar, additional $2,000 coverage on each of five juvenile dependents. The application contained a 60-day acceptance provision. Smith paid the initial premium under this policy and obtained a receipt containing conditional temporary insurance.
A condition for coverage under both the policy and the receipt was the good health of the proposed insured. Mr. Smith's medical examination indicated that he had an elevated blood pressure level. Because of this problem, Liberty National, in accordance with its underwriting standards, rejected Smith's application. Instead, it returned a policy providing $20,000 whole life coverage on Mr. Smith, but at an increased premium and without the accidental death provisions. This substitute policy was received by the branch office on March 10, but, before it could be delivered to Mr. Smith, and be accepted by him Smith died. This suit to recover benefits under the policy followed.
In her complaint, Smith raised three theories of recovery:
(1) that Mr. Smith was insured under the terms of the policy; (2) that agents of Liberty National misrepresented that the policy had been approved, thus causing her not to seek coverage elsewhere; and (3) that Liberty National negligently or wantonly delayed issuance of the policy. Liberty National's Motion for Directed Verdict as to each count was denied, and the jury returned a general verdict for Smith for $20,000.
Liberty National contends the Court erred in denying the Motion for Directed Verdict. Furthermore, it argues that the following instruction, given at the Plaintiff's request, was erroneous:
 "The Court charges you, ladies and gentlemen of the jury, if you are reasonably satisfied from the evidence that the permanent insurance policy in this case was mailed by the company from Birmingham, Alabama, on March 9th or the 10th, 1976, then this would be the effective date of the policy and would constitute delivery of the policy."
Liberty National contends this instruction was erroneous because the policy issued substantially differed from the coverage requested and, therefore, constituted a counter-offer — not an acceptance. Therefore, the mere act of mailing the counter-offer to its district office did not create a contract.
It is well recognized that an application for insurance is a mere offer which does not ripen into a contract unless, and until, it is accepted by the insurance company. Life InsuranceCompany of Georgia v. Miller, 292 Ala. 525, 296 So.2d 900
(1974). *Page 648 
If the company issues a policy materially different from that for which the application was made, it constitutes a rejection of the original offer and is a counter-offer which becomes a binding contract only when accepted by the original offerer.Barnes v. Atlantic Pacific Life Insurance Company of America,295 Ala. 149, 325 So.2d 143 (1975); and Miller, supra.
The policy issued on March 9 or 10 was materially different from that originally applied for in that it disallowed several requested benefits and required a considerable increase in premiums. By applying the above-stated rule to the facts before us, the subsequent policy issued by Liberty National was a mere counter-offer. It would become a binding contract only upon its acceptance by Smith. Moreover, the policy specifically provided it would become effective only upon its acceptance by the insured and the payment of the increased premium. Therefore, because the policy was never accepted by the Smiths, Liberty National was entitled to a directed verdict on this issue; and, likewise, the giving of the challenged charge constitutes error.
Smith's argument that such charge, even if erroneous, was not prejudicial is also without merit. Because each party is entitled to proper instructions regarding the issues presented, the failure to give a correct charge as to any theory of the case is reversible error. See Jones v. Blackman, 285 Ala. 684,228 So.2d 1 (1969); Calvert v. Bynum, 255 Ala. 172,50 So.2d 731 (1951); and Western Union Telegraph Co. v. Smith, 189 Ala. 534,66 So. 578 (1914).
Furthermore, this error was not rendered harmless by the jury's return of a general verdict. Where the verdict is general, but prejudicial error obtains to the court's instructions to the jury on any theory of recovery, the verdict must be set aside because no determination can be made as to which of several issues the jury relied upon in reaching its verdict. 5A C.J.S. Appeal Error § 1773 (3). See also OldSouthern Life Insurance Co. v. Woodall, 295 Ala. 235,326 So.2d 726 (1976); and Ford Motor Co. v. Thomas, 285 Ala. 214,231 So.2d 88 (1970).
In response to Smith's assertion that the insurer delayed issuance of the policy, Liberty National insists that because the application provided a 60-day period for it to consider and act upon the offer, and it did issue a policy within twenty-one days, no jury question existed. Thus, a directed verdict as to this theory of recovery was proper.
Generally, the proposed insured is justified in assuming that the insurer will exercise reasonable care and diligence in acting upon his application. Barnes, supra. See, generally, 32 A.L.R.2d 487. Ordinarily, the reasonableness of the time within which the insurer acts upon the application is a question for the trier of fact. Indeed, Barnes specifically held that the reasonableness, vel non, of the insurer's failure to issue the policy within a 30-day period, as required by the binding receipt, was a question for the jury. Whether the 60-day provision is absolute and binding in all cases, we need not decide; and this for the reason that, under the circumstances of this case, we hold, as a matter of law, that the 21-day period in which the company did issue the policy did not constitute an unreasonable delay.
We hold, therefore, that Liberty National was entitled to the directed verdict as to all theories of recovery presented to the jury other than the theory presented in Count 2 — misrepresentation.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, ALMON and BEATTY, JJ., concur. *Page 649