This is an appeal by Grayco Resources, Inc., one of the plaintiffs, from a jury verdict in favor of defendant James E. Poole.
Plaintiff Grayco sued Poole for fraud, breach of contract, and violations under the Securities Act of Alabama, Ala. Code 1975, § 8-6-19, the Securities Act of 1933, and the Securities Exchange Act of 1934, arising out of the sale of fractional interests in certain oil leases in Kentucky. By subsequent amendment to the complaint, Stuart F. Graydon, Sr., one of the principals of Grayco, was added as a party plaintiff.
On appeal by Grayco, the issue is whether the trial judge failed to appropriately charge the jury on state and federal securities law. We hold that the trial judge erred in refusing to give certain requested instructions.
All claims brought by Grayco, except the claim under the Securities Act of 1934, were submitted to the jury. Grayco's and Graydon's post-judgment motions were denied.
Defendant Poole contends that Grayco's counsel failed to specify the grounds for its objection to the trial court's refusal to give certain of Plaintiffs' requested jury charges and that Grayco's objections were made after the jury retired, in violation of Rule 51, Ala.R.Civ.P. Thus, argues Defendant Poole, Plaintiff Grayco waived its right to appellate review. Additionally, Defendant suggests that Grayco's requested charges were adequately covered in the trial court's oral charge or were properly denied as erroneous statements of law.
 DID GRAYCO FAIL TO OBJECT BEFORE THE JURY RETIRED?
Defendant contends that Grayco waived its right to appellate review because the jury had retired before any objection was made. To support its contention, Defendant refers to the following colloquy, which occurred upon the conclusion of the court's oral charge:
 "THE COURT: Let me see you all just a minute. "(Whereupon a discussion between Court and counsel was held out of the hearing of the Jury and the trial proceeds as follows:)
 "THE COURT: Any person who sells or offers to sell a security in violation of a division of this article or any rule or order imposed under this article. Is that what you want me to do? Okay. I just did it. Any person who offers to sell a security in violation of 5, Section 515 [sic] USCA, Section 77e.
 "Ladies and gentlemen, if you will, retire and commence your deliberations. You all get the exhibits that were admitted in there.
 "(Whereupon, the Jury retired to the jury room and the following occurs out of the presence and hearing of the Jury.)
 "MR. MEMORY: Let the Record reflect that in the presence of the Jury and before they separated, it was brought to the attention of the Court that he had not given some of the requested legal charges offered by the Plaintiffs. That the Judge has noted on said requested charges which ones had been given and which ones were refused. We object to the refusal of the Judge and the Court to give each of the charges indicated based upon the fact that they state correct principles of *Page 1032 
law. They are good law and relate to this particular case. That relates to requested charges one through thirty-three.
 "MR. HUFFAKER: I would like the Record to reflect that at the time the objection is being made, the Jury has already retired to deliberate.
 "MR. MEMORY: And let the Record reflect that that statement was made under the suggestion of the Court because the objections were made while the Jury was still in the room."
Rule 51, Ala.R.Civ.P., provides that no party may assign as error the giving or failing to give an improper charge unless he objects and states the grounds of his objectionbefore the jury retires. We note that Rule 51, Fed.R.Civ.P., is substantially the same as the relevant portion of Alabama Rule 51.
While it is true that the Rule requires that objections be made prior to the time the jury retires for deliberations, we will not construe this Rule so narrowly as to allow it to be a technical trap. As noted by the Committee Comments to Rule 1, Ala.R.Civ.P., "the policy of rules such as these is to disregard technicality and form in order that the civil rights of litigants may be asserted and tried on the merits," citingMitchell v. White Consolidated, Inc., 177 F.2d 500 (7th Cir. 1949), cert denied, 339 U.S. 913, 70 S.Ct. 574,94 L.Ed. 1339 (1950). The purpose of the provision of the Rule requiring that objections be made before the jury retires "is to lessen the number of technical errors by giving both the trial judge and the opposing attorney an opportunity to correct possible errors." Pruett v. Marshall, 283 F.2d 436, 441 (5th Cir. 1960). See, also, Industrial Development Bd. of Town of Section, Ala.v. Fuqua Industries, 523 F.2d 1226, 1238 (5th Cir. 1975).
Here, the record reflects that plaintiff made its objections to the trial judge during a whispered bench conference, prior to the time the jury retired. The charges were written and submitted to the court prior to its oral jury instructions. This is not a situation where the judge had no opportunity to correct his instructions. We find that the spirit of the rule has been complied with; thus, we will not deny plaintiff its right to appellate review.
 DID GRAYCO FAIL TO ADEQUATELY SPECIFY THE GROUNDS FOR ITS OBJECTION?
Defendant Poole argues that Grayco did not state the grounds for its objections to the trial court's failure to give numerous written requested jury charges. Consequently, argues Defendant Poole, Grayco waived its right to appellate review.
All of the requested jury charges at issue here are statutory provisions or relate to case law construction of federal or state securities regulations. Defendant Poole relies on the following provision in Rule 51 as the basis for his argument:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
It is true that we have construed Rule 51 to proscribe general objections. This Court has often held that a party has waived appellate review based on the "grounds" requirement of Rule 51. See Burnett v. Martin, 405 So.2d 23 (Ala. 1981), Wrightv. Waters, 367 So.2d 960 (Ala. 1979). We have also said, however, that an overly rigid enforcement of Rule 51 should not be permitted. Hosey v. Seibels Bruce Group, S.C. Ins. Co.,363 So.2d 751 (Ala. 1978). "Rule [51] [will] not be so technically construed as to obliterate its spirit." Odom v. Linsey,365 So.2d 664 (Ala. 1978). The essential purpose of Rule 51 is to give the trial court an opportunity to correct its instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remediable mistakes. See Hosey, at 753, Gardner v. Dorsey, 331 So.2d 634
(Ala. 1976), Crigler *Page 1033 v. Salac, 438 So.2d 1375 (Ala. 1983). That being the purpose, we have held that where an oral charge is misleading or confusing, strict adherence to the grounds-stating requirement of Rule 51 is necessary in order to achieve the essential spirit of the Rule. Here, however, we are not dealing with misleading or confusing jury charges. We are dealing with a total failure to give requested written instructions on case law construction of the securities regulations.
It is the duty of the trial judge to educate the jury on the law of the case. Raines v. Williams, 397 So.2d 86 (Ala. 1981),Health Maintenance Group of Birmingham v. Rutledge,459 So.2d 889 (Ala.Civ.App. 1984). We agree with the Fifth Circuit Court of Appeals:
 "It is the inescapable duty of the trial judge to instruct the jurors fully and correctly on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth."
McClendon v. Reynolds Electrical Engineering, 432 F.2d 320
(5th Cir. 1970), quoting from 2B Barron and Holtzoff, FederalPractice and Procedure, § 1105 at 470 (1961).
Considering the totality of the circumstances in this case, we cannot say that Plaintiff Grayco's objection was so general as to violate Rule 51 and thereby prevent appellate review. We take into consideration 1) the purpose of the Rule, which is to give the trial court an opportunity to correct the instructions, 2) the fact that these were written instructions and thus the trial judge had the opportunity to review them, and 3) the fact that plaintiff's counsel obviously raised his objections during a whispered bench conference at the close of the trial judge's charge to the jury. It is the opinion of this Court that the trial judge was aware of the plaintiff's objections. As we said in Gardner v. Dorsey, 331 So.2d 634
(Ala. 1976):
 "Surely, the Rule does not contemplate that the objecting party, in order to preserve for review an erroneous instruction, is required to deliver a discourse before the trial judge on the applicable law of the case."
331 So.2d 634, 637.
 DID THE TRIAL COURT ERR IN FAILING TO GIVE GRAYCO'S REQUESTED JURY INSTRUCTIONS?
Plaintiff Grayco asserts that the trial court erred in not giving its requested charges number 8 through number 29.
Rule 51, Ala.R.Civ.P., provides that refusal of a requested written instruction "shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given . . . in the court's oral charge." In reviewing instructions to determine if they correctly set forth the applicable law, we must read and consider the charge as a whole. Allen v. Mobile Interstate Piledrivers, 475 So.2d 530,536 (Ala. 1985), Alabama Power Co. v. Tatum, 293 Ala. 500, 504,306 So.2d 251, 254 (1975), First Virginia Bankshares v. Benson,559 F.2d 1307 (5th Cir. 1977), cert. denied, Walter E. Heller Co. v. First Virginia Bankshares, 435 U.S. 952, 98 S.Ct. 1580,55 L.Ed.2d 802 (1978).
Upon review of the oral charge, we find the trial judge charged the jury on the elements of breach of contract and common law fraud (including willful misrepresentation, reckless misrepresentation, mistaken misrepresentation, and suppression of truth), spelling out the elements required for a finding of liability in each. The second portion of the trial judge's charge involved securities fraud. It is this section to which Grayco objects. There is no need to list every error Plaintiff alleges on the part of the trial court. The following are a few. Plaintiff submits that the trial judge:
1) failed to orally charge the jury regarding both
subsections (a)(1) and (a)(2), Code 1975, § 8-6-19 (Plaintiffs' requested charge 8),[1] *Page 1034 
2) failed to properly charge the jury regarding subsection (1) of Section 12 of the Securities Act of 1933 [15 U.S.C.A. § 77l(1)] (Plaintiffs' requested charge 9),[2]
3) failed to properly charge the jury regarding the essential elements of a legal action for the sale of an unregistered security under 15 U.S.C.A. § 77l(1) (Plaintiffs' requested charges 10 and 12),[3]
4) failed to orally charge the jury that scienter is not required to prove a case for the sale of an unregistered security (Plaintiffs' requested charge 11).[4]
The above serve to illustrate the kind of objections raised by Plaintiff.
Except as noted below, Plaintiff's objections are well founded. The trial judge did not charge on § 8-6-19(a)(1), Code 1975,[5] as requested. Neither did the *Page 1035 
trial court instruct the jury as to the first provision of Section 12, Securities Act of 1933 [15 U.S.C.A. § 77l(1)].[6]
Plaintiffs' requested charges numbers 13[7] and 14,[8] specified what plaintiff must show in order to recover under § 12(2) of the Securities Act (15 U.S.C.S. § 77l(2)) and under what conditions liability is established under the statute. In considering the oral charge as a whole, as required by Rule 51, we find that these two charges (charges 13 and 14) were given in that they were part of the general charge on 15 U.S.C.S. § 77l(2).
Although the trial judge indicates otherwise on the list of charges found in the record, the substance of the remaining charges at issue here (charges 10-12 and 15-29) was not covered by his oral instructions. Grayco points out that these charges relate to the Alabama securities statute as well, because §8-6-19 is modeled *Page 1036 
on the federal Securities Act of 1933, § 12(1) and (2).
Additionally, Plaintiff suggests that a mere reading of the securities statute alone would be insufficient, because there is a marked difference between a legal action based on common law fraud, on the one hand, and a claimed securities violation under § 12(1) and (2) of the Securities Act of 1933, and Ala. Code 1975, § 8-6-19, on the other hand. We agree with Plaintiff.
While "[i]n itself there is nothing improper with charging a jury in the language of a statute, when one of the issues in the case is whether the statute was breached," Merchant's FastMotor Lines, Inc. v. Lane, 259 F.2d 336, 338 (5th Cir. 1958),cert. denied, 359 U.S. 935, 79 S.Ct. 651, 3 L.Ed.2d 636 (1959), "[t]o repeat statutory language is not sufficient unless its meaning and application to the facts are clear without explanation." Structural Rubber Products Co. v. Park RubberCo., 749 F.2d 707 (Fed. Cir. 1984), quoting 9 Wright Miller,Federal Practice and Procedure: Civil, § 2556 at 658 (1971).
We agree with Circuit Judge Freeman's concurrence inPritchard v. Liggett Myers Tobacco Co., when he said that "[a]n academic recitation of the language of a statute without any direction as to how it may be applied to the disputed facts before the jury is too general to furnish guidance to them."350 F.2d 479, 487 (3rd Cir. 1965), cert. denied, 382 U.S. 987,86 S.Ct. 549, 15 L.Ed.2d 475 (1966), modified on other grounds, 370 F.2d 93, cert. denied, 386 U.S. 1009, 87 S.Ct. 1350,18 L.Ed.2d 436 (1967).
In regard to a trial judge's duty to charge on the law, we agree with the court in Marshall v. Isthmian Lines, Inc.,334 F.2d 131 (5th Cir. 1964), when it stated that, even though there were imperfections in the requested charges in that case,
 "[t]he Judge has an obligation to charge on the essential elements of the case and instruct the jury as to the law on matters which developments of the trial have made significant and important."
334 F.2d at 137.
Here, Plaintiff submitted charges which would have better educated the jurors on how they could apply the state and federal securities statutes to the facts of the case. We have repeatedly held that each party is entitled to have proper instructions given the jury regarding the issues presented in the case. Liberty National Life Ins. Co. v. Smith,356 So.2d 646 (Ala. 1978), State Farm Mutual Automobile Ins. Co. v. Dodd,276 Ala. 410, 162 So.2d 621 (1964), Jones v. Blackman, 284 Ala. 684, 228 So.2d 1 (1969), Calvert v. Bynum, 255 Ala. 172,50 So.2d 731 (1951).
Accordingly, we hold that the trial court erred in failing to give certain of Plaintiffs' requested jury charges as noted. The judgment below is reversed and the cause remanded for a new trial in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Plaintiff's requested charge no. 8:
"(a) Any person who:
"(1) Sells or offers to sell a security in violation of any provision of this article or of any rule or order imposed under this article or of any condition imposed under this article, or
"(2) Offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission, is liable to the person buying the security from him who may bring an action to recover the consideration paid for the security, together with interest at six percent per year from the date of payment, court costs and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the buyer disposed of it and interest at six percent per year from the date of the disposition."
[2] Plaintiffs requested charge no. 9:
"Any person who
"(1) offers or sells a security in violation of section 5 [15 U.S.C.S. § 77e], or
"(2) offers or sells a security (whether or not exempted by the provisions of section 3 [15 U.S.C.S. § 77c], other than paragraph (2) of subsection (a) thereof), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."
[3] Plaintiffs' requested charge no. 10:
 "In action for sale of unregistered securities under § 12(1) of Securities Act (15 U.S.C.S. § 77l(1)), liability is established if plaintiff proves 3 elements: (1) that no registration statement covering securities involved was in effect; (2) that seller was the person who sold or offered to sell securities; (3) that mails or facilities of interstate transportation or communications were used in making the sale; liability under § 12(1) is absolute when those elements are shown and purchaser may recover regardless of whether they can show any degree of fault negligent or intentional on seller's part."
Plaintiffs' requested charge no. 12:
 "Liability under § 12(1) of the Securities Act (15 U.S.C.S. § 77l(1)) is established by proving three elements: (1) no registration covering securities involved; (2) parties charged were persons who sold securities; and (3) mails or facilities of interstate transportation or communication were used in making sale."
[4] Plaintiffs' requested charge no. 11:
"Liability for sale of unregistered securities, under § 12(1) of Securities Act (15 U.S.C.S. § 77l(1)) is very nearly strict liability, no showing of scienter is required and mere proof of sale of unregistered securities is sufficient."
[5] The trial judge's instruction taken from plaintiff's requested charge no. 8 reads as follows:
 "Now, the State law reads pretty much the same way [as the federal law] but in the State law we have got both Mr. Graydon and Grayco. Because it's a two years' time he could have brought it under the state law. Just one year's time he could have brought it under the federal law. The Court has ruled that since there were different times when these suits were brought by Grayco and Mr. Graydon, Mr. Graydon is only properly before you in this one. The legal standard is this: Anybody who offers or sells a security by means of any untrue statement of material fact, or any omission to state a material fact necessary in order to make that statement made, in light of the circumstances under which they were made not misleading. About like the other one. By not knowing of the untruth or omission and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known the untruth or omission is liable to the person by the security from him for the amount of the consideration paid for the security, together with interest at the rate of six percent from the date of payment, court costs and reasonable attorney's fees, less the amount of any income received on the security, and that's the damages. That's consideration plus interest at six percent, attorney's fees. The Court will attend to the court costs. Less the amount of income received. Pretty much the same thing on the standard and the definition under the federal security and the State security law."
[6] The trial judge's instruction taken from plaintiffs requested charge no. 9 is as follows:
 ". . . The Federal Act says this, and again, we're talking about just Grayco. A person who offers or sells a security, and the Court has said as a matter of law this transaction here falls within this definition of security, as a matter of law. Offers or sales of security by the use of any means or instrument or communication of interstate nature. That is if another state is involved. The Court has ruled since Kentucky is involved, it's within this. The standard though, if there is an untrue statement, an untrue statement of a material fact; or was there an omission of a material fact necessary in order to make the statement in light of the circumstances in which they were made. Not misleading. [sic] The person not knowing of such untruth or omission and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known of such untruth or omission. [sic] Anybody that makes such a statement of that shall be liable. And the damages here are the recovery of the consideration paid for the security with interest, less any amount of income received. Okay? Let me read that again to you. A person who sells, in this instance these lease rights. And if that sale was by means of a prospectus or oral communication, which includes an untrue statement of a material fact, or which omits to state that material fact necessary in order to make the statement, in light of the circumstances under which they were made, not misleading, the purchaser not knowing of such untruth or omission and who shall not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of such untruth or omission shall be liable. Now, what shall they be liable for? For the consideration paid for the security with interest, less any amount of income they have received from the security. Okay? That's the federal law. Again, we're dealing with Grayco."
Although the trial judge eventually gave a hurried oral instruction on § 12(1) [15 U.S.C.S. § 77l(1)], as shown in the colloquy following his oral charge, it is obvious that this supplemental charge was incomplete and did not explain the legal consequences of a violation of the referenced federal statute.
[7] Plaintiffs' requested charge no. 13:
 "In order to recover in action under § 12(2) of Securities Act (15 U.S.C.S. § 77l(2)), plaintiff must show that: (1) defendant made false or misleading statement of material fact or omitted to state material; (2) plaintiff did not know of untruth or omission; and (3) defendant knew, or in exercise of reasonable care could have known, of untruth or omission."
[8] Plaintiffs' requested charge no. 14:
"Liability under § 12(2) of Securities Act (15 U.S.C.S. § 77l(2)) attaches if it is established that (1) defendant made false or misleading statement of material fact or failed to state material fact necessary in order to make statement not misleading; (2) plaintiff did not know of untruth or omission; and, (3) defendant knew, or in exercise of reasonable diligence could have known, of untruth or omission."