I must respectfully dissent. In order for a jury charge to constitute reversible error, it not only must be flawed in some way but also must be prejudicial. King v. W.A. Brown Sons, Inc., 585 So.2d 10 (Ala. 1991). A contested portion of a jury charge must be considered in the context of the entire instruction. See Grayco Res., Inc. v. Poole, 500 So.2d 1030
(Ala. 1986). The charge given by the trial judge is a true and correct statement of the law. Even though the charge had its basis in a criminal statute, the judge made no mention of crime, abuse of a corpse, or punishment; the jury was not even aware that this instruction was based on a criminal statute. See Whitt v. Hulsey, 519 So.2d 901 (Ala. 1987) (holding that giving a charge based on a criminal statute was not reversible error when the judge did not indicate to the jury that the charge was based on a criminal statute). The majority opinion states that the charge was not relevant to this case, but the trial court clearly explained that this statement of law forms the foundation for the duty at issue. The defendants have failed to prove that giving the charge based on the criminal statute prejudiced their case.