I concur that the judgment in the sum of "$6,000 plus interest from balance due on policy from 9/4/78" is due to be affirmed, and I also agree that the judgment of the trial court which denied the insurance company's request to reform the policy is also due to be affirmed. I must disagree that plaintiff, under the undisputed facts of this case, proved a claim of bad faith refusal to pay a valid policy obligation.
There are certain undisputed facts in this case. It is undisputed that the face amount of the children's rider was different from the amount of insurance applied for on the application. It is also undisputed that the plaintiff applied for a policy which called for a children's rider of only $1,000. The evidence is also undisputed that a Company employee encoded the children's rider benefit improperly. While the jury could have found from the evidence that the issuance of the policy with a $7,000 children's rider was a counter-offer, which plaintiff accepted, nevertheless, the existence of a valid claim for the $7,000 benefit was not determined until the jury, after reviewing the evidence presented at trial, and after having been instructed on the law of contracts relative to counter-offer and acceptance of counter-offers, decided the issue in plaintiff's favor.
As I view the matter, until the judgment was entered today in favor of the policyholder on her claim that she was entitled to $7,000 instead of $1,000, and until today, when this Court upheld the trial court's denial of the company's claim that the policy should be reformed, the parties were litigating their respective rights; therefore, the Company's obligation to pay $7,000 instead of $1,000 was not finally determined until this Court affirmed the judgment of the trial court on these issues.
In order for the tort of bad faith to arise, it must be established that there was no *Page 927 
question as to the terms, conditions or obligations of the parties under the contract. Since there was a variance between the $1,000 children's rider benefit amount on the application, and the face amount of the policy, there was a justiciable controversy between the parties as to the correct amount due and owing.
Where there is a variance between the policy and the application, complex legal questions arise. It has been stated as follows:
 If both the policy and the application therefor form a part of the contract of insurance, both should be given effect if a reasonable construction will permit. In case of a conflict, most cases adopt the rule that the policy, as the later and final expression of the intent of the parties, controls. There are, however, some courts which have given controlling effect to the application in such a case.
43 Am.Jur.2d Insurance, § 368 (1969).
In Alabama, I do not believe that the mere fact that a policy is issued which does not conform to the application submitted necessarily amounts to a counter-offer. Cf. Life InsuranceCompany of Georgia v. Miller, 292 Ala. 525, 296 So.2d 900
(1974); Barnes v. Atlantic and Pacific Life Insurance Companyof America, 295 Ala. 149, 325 So.2d 143 (1975); and LibertyNational Life Insurance Company v. Smith, 356 So.2d 646 (Ala. 1978).
Under all the facts of this case, it is plain that a valid and subsisting dispute existed between the insured and the insurer as to the amount of insurance payable under the children's rider, and that this dispute was not finally resolved until today, when this Court affirmed the judgment entered upon a jury verdict which found in favor of the policyholder on this issue. Because of this valid and subsisting dispute, I believe that the company had a lawful basis upon which to refuse to pay the $6,000 until the matter was resolved by the parties themselves or in a court proceeding such as was filed in this case.
The majority holds:
 After reviewing the evidence, we find that the jury could reasonably have concluded that the insurer tried to cover its "mistake" without any existing debatable reason. The policy was valid from the date of its issuance and the insurer never had any lawful basis for refusing to pay the face value.
The majority errs, in my opinion, in making a legal determination that there was valid policy from the time the policy was issued, under the facts of this case. As already pointed out, the question of which amount was due the policyholder was not finally determined until today. The fact that the claim to the $7,000 was being litigated, and the fact that the company was attempting to have the policy reformed, constitute a legal basis upon which the company could refuse to pay the claim.
The holding in this case, in view of the fact that the claim was in litigation, seems inconsistent with the suggestion inChavers, 405 So.2d 1 (Ala. 1981), that a company, when faced with a question of its legal obligation to pay, could file a declaratory judgment action, and if entitled to a declaration of rights, could prevent the maintenance against it of an action for bad faith refusal to pay a claim, even if the declaration was adverse to the company.
Because of these reasons, I would reverse the judgment on the bad faith claim.
TORBERT, C.J., concurs. *Page 928