326 So.2d 763

Owen F. PARKER, Jr.

v.

MID–SOUTH BUILDING & IMPROVE-
MENT CO., INC., and Joe Cotten a/k/a
Joseph Milton Cotten, et al.

Civ. 636.

Court of Civil Appeals of Alabama.

Jan. 28, 1976.

Charles Cleveland and Kenneth H. Milli-
can, Birmingham, for appellant.

Ralph E. Coleman, Birmingham, for ap-
pellees.

WRIGHT, Presiding Judge.

Suit was filed by Parker Supply Co., Inc. against Mid-South Building and Improvement Co., Inc., and Joe Cotten upon two notes in the respective amounts of $9,222.25. By amendment, Owen F. Parker, Jr. was made a party plaintiff. Parker claimed the sum of $18,444.49 from Joe Cotten as an accomodation endorser of the two notes for Cotten. Parker claimed the additional sum of $3,425.00 of Cotten for rent. Parker Supply Co., Inc. claimed the sum of $6,333.83 from Mid-South due by account.

Joe Cotten filed counterclaim against Owen Parker as an endorser on the notes.

Upon jury verdict, judgment was entered in favor of Parker Supply Co. and against Mid-South in the amount of $6,711.30. Judgment was rendered in favor of defendants on the claims of Owen F. Parker, Jr. and the counterclaim of Cotten. Owen F. Parker, Jr. appealed.

■ Though there were numerous errors assigned, only one is argued in brief. The brief is written as though the appeal was taken by both plaintiff, Parker Supply Co., Inc., a Corporation, and plaintiff, Owen F. Parker, Jr. However, the bond for security for costs was made by Owen F. Parker, Jr. as principal with two sureties. The citation of appeal recites only Owen F. Parker, Jr. as appealing. There is neither bond for costs nor notice of appeal for the corporate plaintiff, Parker Supply Co., Inc. Therefore, Parker Supply Co., Inc. has not invoked the jurisdiction of this court on appeal. This court must recognize ex mero motu its absence of jurisdiction of an appeal by Parker Supply Co., Inc., *Gray v. State*, 279 Ala. 333, 185 So.2d 125.

■ The one assignment of error argued is the refusal of a written charge requesting the affirmative charge in favor of Parker Supply Co., Inc. The refusal of such charge, even if properly drawn and erroneously refused, may not be assigned as error by Owen F. Parker, Jr. *Coastal States Life Ins. Co. v. Gass*, 278 Ala. 656, 180 So.2d 255.

Without intention to overkill, but for possible value to counsel, we are of the opinion that refusal of the charge was not error by the learned trial judge.

■ First: Counsel did not preserve error under Rule 51, ARCP. Rule 51 requires that counsel must state the ruling to which he objects and the grounds of his objection. The rule removes pre-ARCP practice of giving automatic exceptions to refused written charges.

At the close of the court's charge the following colloquy occurred between court and counsel for plaintiff:

"THE COURT: Any objections by the Plaintiff?

"THE PLAINTIFFS' COUNSEL: Yes, sir, Judge. You didn't cover any of my requests.

"THE COURT: I refused them.

"PLAINTIFFS' COUNSEL: All right. Requests numbers five and six, of course, relate to what you said for later. So, I don't have any response about those. I would like to object for the failure to give the Parker Supply the affirmative charge on the notes on the grounds that the evidence was that the notes were not liable, that Mr. Cotten wouldn't be liable on the notes, is that— is all based on evidence as barred by the statute of frauds, and it is a matter of

law that he would be entitled to—Parker Supply Company would be entitled to a judgment on those.

"THE COURT: All right. Anything further?

"PLAINTIFFS' COUNSEL: That is all."

Plaintiffs presented six written charges, five of which in some form requested direction of a verdict in favor of one or the other of plaintiffs. The statement of counsel quoted above, though eliminating two charges, is completely devoid of any logical indication of reasons why the other three charges should have been given. The comment as to the statute of frauds is unintelligible in the record.

Second: We find the charge substantively improper. It is as follows:

"Plaintiff's charge #2—

"If you are reasonably satisfied from the evidence that at the time the defendant, Joe Cotten, endorsed the promissory notes in evidence as plaintiff's Exhibits 1 and 2, he was aware that he would be liable for payment in the event that Mid-South Building and Improvement Company, Inc. did not pay the notes, you must return a verdict in favor of Parker Supply Company, Inc. and against defendant, Joe Cotten, in the amount you find is due and unpaid on the notes."

The condition of liability required by the charge is that the jury be reasonably satisfied from the evidence that Joe Cotten was, at the time of his endorsement, *aware* that he would be liable for payment of the notes if Mid-South did not pay. The liability of an endorser of a note is not conditioned upon his awareness of liability at the time of endorsement. Such charge required the jury to determine the mental condition of Joe Cotten at the time of his endorsement. There are other deficiencies in the charge, such as failure to premise the liability of Cotten on a finding of default by Mid-South. However, we have

sufficiently stated reasons for sustaining the judgment of the trial court. Therefore, we affirm.

Affirmed.

BRADLEY and HOLMES, JJ., concur.