J.M. McElmurry appeals from a judgment based upon a jury verdict awarding him $50,000 on his claim that Uniroyal, Inc., manufactured, stored, and disposed of a hazardous and toxic chemical in such a manner that the chemical contaminated his land adjacent to the Uniroyal plant. The limited issue McElmurry presents for review is whether the trial court erred in its instructions to the jury regarding the award of punitive damages in a trespass case.
In sum, the trial court charged the jury that punitive damages may be awarded in a trespass case if the trespass was accompanied by wantonness, malice, aggravation, or conscious disregard for the consequences to others. McElmurry asserts that an award of nominal damages will support an award of punitive damages in a trespass case without the plaintiff's having to prove a "malicious or aggravated course of conduct."
The record reflects that McElmurry objected generally to the proposed charge during a pre-charge conference in chambers, but after the court's oral charge to the jury said only: "There were some charges that we objected to yesterday, and that was in the charge conference that we gave those objections. We just wanted to renew our previously made objections to that." After an explanatory charge on punitive damages requested by the jury, McElmurry said, "We're satisfied."
To be timely, an objection to the trial court's oral charge must be made at the close of the court's initial instructions to the jury, and it must be stated with sufficient clarity or specificity to preserve the error — in other words, an exception designating only the subject treated by the court in its oral charge is insufficient. See Rule 51, A.R.Civ.P.;Harper v. GFA Transp. Co., 432 So.2d 1234 (Ala. 1983). Although Rule 51 does not contemplate *Page 860 
that the objecting party, in order to preserve for appellate review an erroneous instruction, deliver a discourse on the applicable law of the case, he must adequately state specific grounds for his objection. Gardner v. Dorsey, 331 So.2d 634
(Ala. 1976); and Nelms v. Allied Mills Co., 387 So.2d 152 (Ala. 1980).
Because the only objection raised by McElmurry to the trial court's jury instructions, both oral and written, referred to earlier objections made during the pre-charge conference, and because the record is devoid of any specific objection to the charge regarding punitive damages, the only issue raised on appeal, there is nothing for this Court to review. Rule 51, A.R.Civ.P., expressly requires that a party state the grounds for his objection; the failure to do so prevents appellate review of the alleged error. General Sales Co. v. Miller,454 So.2d 532 (Ala. 1984); and Joseph v. Staggs, 519 So.2d 952
(Ala. 1988).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.