ALMON, Justice.
This ease involves the loaned servant doctrine as it relates to the exclusivity provisions of the workers’ compensation act.
Tony Gunnels and his wife, Selena, brought an action against F & G Oil Field Services (“F & G”), Glenn Machine Works (“Glenn”), Texas West Oil and Gas Corporation (“TXO”), John Gibson, and James Hall, alleging negligence. The Gunnelses voluntarily dismissed F & G, TXO, and Gibson. The trial court entered a summary judgment for Glenn and Hall.
F & G contracted with TXO to install four storage tanks at one of TXO’s oil fields. Glenn agreed with TXO to supply a *449 crane and an operator to assist in the installation.
On December 16, 1985, employees from F & G, including Tony Gunnels, arrived to install the tanks. Hall, a crane operator for Glenn, drove Glenn’s crane to the field and reported for work. The first three tanks were installed without incident. When Hall used the crane to lift the fourth tank, the tank swung into Tony Gunnels and pinned him against a scaffold, injuring his leg. The Gunnelses then instituted this action, Mr. Gunnels seeking damages for his injury and his wife seeking damages for loss of consortium, lost time from work, and mental anguish.
In their motion for summary judgment, Glenn and Hall argued that Hall was a “loaned servant” from Glenn to F & G. If Hall was, in fact, a loaned servant to F & G, then he would be considered a co-employee of Tony Gunnels, and the Gunnels-es’ action based on negligence would be barred by the exclusivity provisions of the Alabama workers’ compensation act, Ala. Code 1975, § 25-5-1 et seq. See Coleman v. Steel City Crane Rentals, Inc., 475 So.2d 498 (Ala.1985).
This action was instituted on May 1, 1987, and therefore is governed by the “scintilla rule.” [1]
“It is well settled that summary judgment should only be granted when, after viewing the evidence in a light most favorable to the non-moving party, it appears that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Rule 56, A.R.Civ.P. A scintilla of evidence supporting the non-movant’s position is all that is required to overcome a motion for summary judgment. Ward v. Rhodes, Hammonds & Beck, Inc., 511 So.2d 159 (Ala.1987).”
Car Center, Inc. v. Home Indemnity Co., 519 So.2d 1319, 1322 (Ala.1988).
Glenn and Hall rely heavily on this Court’s holding in Coleman, supra, which considered the test for determining whether an individual is a loaned servant:
“In determining whether an employee has become a loaned servant the ultimate test is: Whose work was the employee doing and under whose control was he doing it? Dumas v. Dumas Brothers Manufacturing Co., 295 Ala. 370, 378, 330 So.2d 426, 432 (1976). It is not the actual exercise of control which is determinative but rather the reserved right to control the employee. United States Steel Corp. v. Mathews, 261 Ala. 120, 123, 73 So.2d 239, 242 (1954). Where the work of the employee is part of a large undertaking, mere suggestions as to details necessary for a cooperative effort must be distinguished from actual authoritative direction and control. 261 Ala. at 124, 73 So.2d at 242.”
475 So.2d at 500.
The Court also noted that “[i]f reasonable persons can reach different conclusions on the question of whether a servant of one employer has temporarily become the servant of another, it is a question of fact for the jury.” Id., citing United States Steel Corp. v. Mathews, 261 Ala. 120, 73 So.2d 239 (1954). Moreover, the Coleman case was concerned with the sufficiency of the evidence to sustain a jury verdict for the defendant, not with a summary judgment. Therefore, just because the Court held in Coleman that there was sufficient evidence to support the jury’s implied finding that the crane operator was a loaned servant of the defendant does not mean that that finding, or a similar one here, is mandated as a matter of law. On the contrary, the Court said:
“Although the question is a close one, there is sufficient evidence from which the jury could have concluded that ICG employees went beyond suggestions for a cooperative effort and exercised supervisory control over the actions of the Steel City Crane crew.”
475 So.2d at 501 (emphasis added).
The record shows that Hall was employed by Glenn, which in turn billed TXO for the services. Glenn decided which employee to send on any particular assignment. Hall stated in his deposition that he was working for Glenn and assisting the employees of F & G in installing the stor *450 age tanks. Hall also stated that when he arrived at the oil field, he was instructed to unload the tanks from a truck and place them on the ground near where they were to be installed. As each tank’s site was readied, Hall was instructed to lift the tank and then place it in its proper location. The tank was attached to the crane by an employee of F & G, and Hall was given hand signals directing the movement of the tank. Hall stated that he did not know who was attaching the tank to the crane, and that he thought that it was a TXO employee who was directing him, but that he did not know who it was. Tony Gunnels stated in his deposition that an F & G employee was giving Hall directions.
Even if F & G employees were directing the course of Hall’s work, a jury might find that those employees were only making “suggestions as to details necessary for a cooperative effort,” but did not have “actual authoritative direction and control,” Coleman, supra, at 500, which, the jury might find, was reserved by Glenn.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.

. See Ala.Code 1975, § 12-21-12.