This appeal is from a judgment in favor of a defendant in a lawsuit arising out of an automobile accident in Birmingham. The issue is whether the trial court erroneously instructed the jury on the doctrine of sudden emergency and portions of the "Alabama Rules of the Road," and if so, whether the appellants properly objected in order to preserve the question for appellate review.
Dorothy H. Coleman had stopped her automobile just past the crest of a hill and was waiting for an oncoming truck to make an improper left-hand U-turn into her lane of traffic. As defendant Sherry Taber crested this same hill in an automobile, she noticed the stopped traffic and applied her brakes, but was unable to stop in time, and her vehicle collided with the rear-end of Mrs. Coleman's car.
Mrs. Coleman and her husband sued, alleging negligence and wantonness against Taber, and alleging negligent entrustment *Page 400 
against Taber's parents.[1] Mrs. Coleman claimed damages for back and neck injuries, and Mr. Coleman claimed damages for loss of consortium resulting from his wife's injuries. Sherry's father, Douglas Taber, was later removed from the case by summary judgment because he was not the custodial parent. The case was tried before a jury. The court directed a verdict in favor of Taber's mother on the negligent entrustment claim, and in favor of Taber on the wantonness claim. The case went to the jury on claims of simple negligence and combined and concurring negligence. The jury returned a verdict in favor of Taber, and the court entered a judgment on that verdict.
The Colemans appealed, but only as to Taber. They assert that the trial court erroneously instructed the jury regarding two provisions of the "Alabama Rules of the Road" and that the trial court also erred in instructing the jury on the doctrine of sudden emergency.[2] Taber correctly points out, and the Colemans readily acknowledge, that the record does not reflect an objection or exception to the trial court's oral instruction on Ala. Code 1975, § 32-5A-31, or to the oral charge on the doctrine of sudden emergency, although they contend such an objection was made. The record does reflect an objection to the oral instruction concerning Ala. Code 1975, § 32-5A-131. Because of the factual distinctions between these alleged objections, we must address them separately. We will first address the Colemans' alleged objections to the court's instructions on §32-5A-31 and the doctrine of sudden emergency.
I. Alleged objection regarding § 32-5A-31
and the doctrine of sudden emergency
On two separate occasions the trial judge gave the Colemans an opportunity to object to the proffered jury instructions, once at the close of the trial court's instructions and again after the jury requested additional instructions. When the court first asked if the Colemans had any objections, they objected to only the instruction regarding § 32-5A-131. (See footnote 2.) After the court instructed the jury again on the definition of negligence, including the instruction regarding §32-5A-31, the court asked the Colemans "What says the plaintiff?" Their counsel replied, "The plaintiff's satisfied."
If the Colemans were not satisfied with the court's charges as given, they should have objected, and they did not; therefore, no error was committed. Hancock v. City ofMontgomery, 428 So.2d 29 (Ala. 1983); Record Data Int'l, Inc.v. Nichols, 381 So.2d 1 (Ala. 1979); Great Atl. Pac. Tea Co.v. Sealy, 374 So.2d 877 (Ala. 1979); Odom v. Linsey,365 So.2d 664 (Ala. 1978).
Rule 51 is clear and unambiguous in its provision that "[n]o party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto *Page 401 
to before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
The Colemans contend they made the proper objections during a court recess but that the objections were omitted from the reporter's transcript. They claim that it was their belief that the court reporter was properly recording the charge conference. Based on this contention, the Colemans assert that a formal objection to the jury charge was unnecessary because the judge was aware of their objections.
In essence, the Colemans urge this Court to look beyond the record on appeal to the assertions made in their brief. This we cannot do. This Court is bound by the record, and the record may not be impeached by matters outside the record, such as allegations included in the appellant's brief. Sheetz, Aiken Aiken v. Louverdrape, Inc., 514 So.2d 797 (Ala. 1987) (citingGreen v. Standard Fire Ins. Co. of Alabama, 398 So.2d 671, 673
(Ala. 1981)); see also Ex Parte Baker, 459 So.2d 873 (Ala. 1984). It is well established that an appellant has the duty to check the record and ensure its correctness before submitting it on appeal. Welch v. State, 455 So.2d 299 (Ala.Crim.App. 1984); Pope v. State, 387 So.2d 300 (Ala.Crim.App. 1980). Here, the Colemans did not invoke Rule 10(f), Ala.R.App.P., which provides for the correction or modification of the record on appeal, provided, of course, that there is a record.
The present record reveals no objection or exception to the trial court's oral instruction on § 32-5A-31 or to the oral charge on the doctrine of sudden emergency. We can only conclude from the present posture of the case before us that the record on appeal is correct. See Boyd v. State,542 So.2d 1247 (Ala.Crim.App. 1988), aff'd, 542 So.2d 1276 (Ala. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 219, 107 L.Ed.2d 172
(1989).
The Colemans urge us to consider the rationale set forth inGrayco Resources, Inc. v. Poole, 500 So.2d 1030 (Ala. 1986), and Wood Lumber Co. v. Bruce, 275 Ala. 577, 157 So.2d 3 (1963). However, the principle of law stated in both of those cases is inapplicable to the case at hand.
In Grayco Resources, the appellee argued that Grayco waived its right to appellate review because the jury had retired before any objection was made. 500 So.2d at 1031. The record reflected that Grayco Resources had made its objections to the trial judge during a whispered bench conference, prior to the time the jury retired. Here, the record does not reflect any objection to the trial judge's instructions, either before or after the jury retired. Therefore, in Grayco Resources, in contrast to the present case, there was no question that the appellant had properly objected to the court's charge.
The court in Wood Lumber Co. applied the common law rules of pleading, which required an exception in addition to an objection in order to preserve appellate rights. Under Ala. Code of 1940, Tit. 7, § 818, there was an automatic exception on requested written charges. With the adoption of the Alabama Rules of Civil Procedure, effective in July 1973, the statutory automatic exception to erroneous charges was no longer recognized. Parker v. MidSouth Bldg. Improvement Co.,57 Ala. App. 202, 326 So.2d 763 (1976).
Based on the foregoing, we hold that the Colemans waived any objection to the instruction on § 32-5A-31 and to the oral charge on the doctrine of sudden emergency given the jury at the close of the case. Thus, the Colemans' contention that the court erroneously instructed the jury regarding these statutes is without merit.
II. Objection regarding § 32-5A-131
The Colemans also assert that the court gave an erroneous jury charge regarding § 32-5A-131. Taber contends that the Colemans did not properly preserve the error for review because their objection did not state grounds. Before we can address the merits of the Colemans' assertion, we must determine whether they properly preserved their objection for appellate review. *Page 402 
The record reveals the following colloquy:
 "THE COURT: . . . Now, I'm going to let you go back to the jury room in just a couple of minutes after I finish talking to you. After you get back there, I'm going to give the lawyers an opportunity to take exception of what I've told you and failed to do so. And it's possible I might have you back and give you some additional — some change in the instruction. If I feel that's necessary, of course, that's exactly what I'll do. If I don't feel that's necessary, then I'll send back to you all the items that have been properly introduced into evidence along with the verdict forms that I've discussed with you. And at that time I'll send those things — instructions — through Eric. Then you can begin your deliberation so go on back now. Wait 'til you hear from us. You will either hear from us with the evidence and the verdict forms saying start your deliberation before I [sic] bring you back and give you some additional charge and instruction.
"(Jury deliberated at 3:40 p.m.[3])
"EXCEPTIONS
"THE COURT: What says the plaintiff Cole?
 "MR. COLE [attorney for the Colemans]: Thank you. The plaintiff would object of your charge of [§] 32-5A-131 in reference to someone else at or near his [sic] being the proximate cause of this accident.
"THE COURT: Okay.
 "MR. COLE: Or could be the proximate cause of this accident.
"THE COURT: Okay."
We follow the general rule established by Rule 51 as articulated in Burnett v. Martin, 405 So.2d 23, 28 (Ala. 1981), that "not only must an objection to the trial court's refusal to give an instruction be made, but the objection must be made specifically and must be supported by grounds in order for review to be had in the appellate court." Requiring a party to state to the trial court the grounds for his objection to a jury instruction affords the trial court an opportunity to correct any error in its charge before it becomes error with injury to reversal. Record Data Int'l, Inc. v. Nichols,381 So.2d 1 (Ala. 1979); See also, Grayco Resources, Inc. v. Poole,500 So.2d 1030 (Ala. 1986). The failure to object and to state grounds for the objection is fatal to appellate review of the alleged error. Employers Cas. Co. v. Hagendorfer, 393 So.2d 999
(Ala. 1981) (citing Louisville Nashville R.R. v. Garrett,378 So.2d 668 (Ala. 1979)).
The objection made by the Colemans' counsel in this case was not sufficiently specific. Although Rule 51 does not contemplate that the objecting party deliver a discourse on the applicable law of the case, he must adequately state specific grounds for his objection in order to preserve for appellate review an erroneous instruction. McElmurry v. Uniroyal, Inc.,531 So.2d 859 (Ala. 1988); Nelms v. Allied Mills Co.,387 So.2d 152 (Ala. 1980); Gardner v. Dorsey, 331 So.2d 634 (Ala. 1976). The rule states that merely stating the matter to which a party objects is not enough; grounds must be stated in other than general terms for the objection to properly preserve the error for appeal. We have said that an objection designating only the subject treated by the court in its oral charge is insufficient to preserve the error. McElmurry, 531 So.2d 859.
In order to comply with the policy behind Rule 51, a party should leave nothing at large in objecting to the court's oral charge. The objection must be definite. See Jones v. Americar,Inc., 283 Ala. 638, 219 So.2d 893 (1969).
The requirement that an objecting party state the grounds for the objection is excused "where the party makes a specific objection and the charge involves a misstatement of substantive law." Louisville *Page 403 Nashville R.R., at 674; see also Gardner, 331 So.2d 634. The Colemans readily admit that this case does not fall within that exception.
There is no claim that the law was misstated; rather, the Colemans argue that the oral instruction was not applicable to the evidence in this case and served only to mislead the jury in determining proximate causation.
Because of these facts, we hold that the Colemans waived any objection to the instruction on § 32-5A-131 by failing to object with sufficient specificity and to offer sufficient grounds for their objection. Thus, the Colemans' contention that the court erroneously instructed the jury regarding this statute is not before us.
We conclude that the appellants have shown no reversible error. The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Sherry Taber was 15 years old at the time of the accident. Neither parent was in the car with her.
[2] The trial court gave the following as part of its charge:
 "If a person without fault [of] his own is faced with a sudden emergency, he's not to be held [to] the same correctness [of] judgment and action as if he had time and opportunity to fully consider the situation. And the fact — if it be a fact — that he does not choose the best or safest way of escaping peril or preventing injury, is not necessarily negligence. But the standard of care required in an emergency situation is that care which a reasonable prudent person would have exercised under the same or similar circumstances.
". . . .
 "I'm going to read you a portion of § 32-5A-31 of the Code of Alabama, which provides as follows: The driver of any vehicle shall occupy — I'm sorry. The driver of any vehicle shall obey the instructions of any official traffic control device applicable thereto placed in accordance with law, unless otherwise directed by a police officer and this portion of [§ 32-5A-131]. No vehicle shall be turned so as to proceed in the opposite direction upon any curve or upon any approach to or near the crest of a grade where such vehicle cannot be seen by the driver of any other vehicle approaching from either direction within 500 feet."
[3] This notation by the court reporter that jury deliberations began at 3:40 does not indicate that the jury actually began its deliberations at this point. Rather, the instructions from the court make it clear that the jury was not to begin deliberations until specifically instructed to do so. Therefore, we consider the objection to be timely.