ON APPLICATION FOR REHEARING
ALMON, Justice.
On application for rehearing, Martin and Graben argue that our analysis of whether Burns preserved her objection to the “sudden emergency” charge is inconsistent with McElmurry v. Uniroyal, Inc., 531 So.2d 859 (Ala.1988). In that case, McElmurry “objected generally to the proposed charge during a pre-charge conference,” 531 So.2d at 859. He never made a specific objection, either before or after the charge was given.
In Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala.1979), Gray’s at *150 torney made a specific objection during a charge conference to a written requested charge, and this Court addressed the merits of the objection even though it was not renewed after the charge was given, holding that the requirements of Rule 51, Ala. R.Civ.P., had been satisfied. In this case, as in Orchelle v. CSX Transp., Inc., 574 So.2d 749 (Ala.1990), there was extended discussion during the pre-charge conference on the precise point at issue; specific objections were made on the very point later argued on appeal; and the trial court acknowledged the specific objections in overruling them. Here, in addition, Burns’s attorney made reference to the earlier objection by stating, “Of course, I have already preserved my error on the other.”
McElmurry is therefore distinguishable from the instant case and from Orchelle and Gray on the ground that no specific objection was ever made in McElmurry, either during the pre-charge conference or after the charge was given.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.