Joseph Williams III sued American Cast Iron Pipe Company ("ACIPCO"), asserting a wrongful discharge claim[1] and, in addition, a retaliatory discharge claim under the Workmen's Compensation Act, § 25-5-11.1, Ala. Code 1975. For relief, Williams sought reinstatement to his job, back pay and fringe benefits, and punitive damages. In the alternative, Williams sought workmen's compensation benefits for his alleged permanent and total disability.
In his complaint, Williams alleged that while working within the line and scope of his employment he sustained injuries to his hands while operating a jackhammer and performing the other duties of his employment. *Page 856 
Williams further alleged that shortly after obtaining medical approval to return to work, but before actually returning to work, his employment with ACIPCO was terminated without just cause.
A jury returned a verdict for Williams and against ACIPCO on both the wrongful discharge claim and the retaliatory discharge claim. The jury awarded Williams $80,000 in compensatory damages and $100,000 in punitive damages. The trial court entered judgment on the jury's verdict and, in addition, reinstated Williams to a position with ACIPCO. ACIPCO appealed.
The first issue raised in this appeal is whether the trial court erred in charging the jury on the tort of bad faith. The second issue is whether the trial court erred in allowing an accountant, who was not offered as an expert witness, to testify as to Williams's damages.
Before reaching the issue whether the trial court improperly instructed the jury on the tort of bad faith, we must first examine Williams's argument that ACIPCO's objections to the trial court's jury instructions were not stated in a timely manner.
To be timely, an objection to the trial court's oral charge, with grounds for the objection, must be made before the jury retires to consider its verdict and must be stated with sufficient clarity or specificity to preserve the error. Rule 51, Ala.R.Civ.P.; McElmurry v. Uniroyal, Inc., 531 So.2d 859
(Ala. 1988). The purpose of stating grounds for objections is to give the trial court an adequate opportunity to correct the instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remedial mistakes. Feazell v. Campbell, 358 So.2d 1017 (Ala. 1978).
The record reveals that following the trial court's instructions to the jury, but prior to the jury's retiring to consider its verdict, ACIPCO raised two exceptions to the jury instructions. One of the exceptions was predicated upon the trial court's having instructed the jury on the tort of bad faith. In overruling ACIPCO's exceptions, the trial court specifically noted that it was overruling ACIPCO's exception to the bad faith instruction.
After reviewing the colloquy that transpired between the trial court and counsel for ACIPCO following the trial court's instructing the jury, we find that ACIPCO's exception to the bad faith instruction was made in a timely manner. It is clear from the record that the exception was made prior to the jury's beginning its deliberations and was stated with sufficient clarity to present the trial court with the opportunity to correct its instructions.
In addressing the issue of whether the trial court erred in instructing the jury on the tort of bad faith, we note that it is the duty of the trial court to instruct the jurors fully and correctly on the applicable law of the case and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth. Grayco Resources, Inc. v. Poole, 500 So.2d 1030 (Ala. 1986). We have repeatedly held that each party is entitled to have proper instructions given the jury regarding the issues presented in the case. Id.
Furthermore, giving an incorrect or misleading instruction as to any theory of a case is reversible error. Nunn v. Whitworth,545 So.2d 766 (Ala. 1989); Liberty Nat'l Life Ins. Co. v.Smith, 356 So.2d 646 (Ala. 1978). Where the record reveals that an erroneous charge was given to the jury, a new trial is required. McDowell v. Key, 557 So.2d 1243 (Ala. 1990);Beneficial Management Corp. v. Evans, 421 So.2d 92 (Ala. 1982).
As part of its instructions to the jury in this case, the trial court stated:
 "Every contract contains a duty implied by law of acting in good faith and dealing fairly with the other party to the contract, this duty requires that neither party interfere with the rights of the other to receive the benefits of that contract. A breach of this implied duty provides the injured party with a tort action for bad faith, notwithstanding *Page 857 that the act complained of also constitutes a breach of contract."
(Emphasis supplied.)
Although we agree that every contract does impose an obligation to act in good faith and to deal fairly (see, e.g., § 7-1-203, Ala. Code 1975, for the obligation imposed in the commercial context), we have consistently refused to extend to the area of general contract law the tort of bad faith that we have recognized in the context of insurance policy cases.Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). So, while the employment contract in this case does contain an implied duty to act in good faith, it does not carry with it the duty imposed by law that we have found in the context of insurance cases. See Kennedy Electric Co. v. Moore-Handley,Inc., 437 So.2d 76 (Ala. 1983). Although the obligation to act in "good faith" arises as part of the contract in this case, its breach does not give rise to a bad-faith tort action.Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala. 1987). Therefore, we conclude that the trial court incorrectly instructed the jury by giving the bad faith charge.
Williams argues that even if this Court finds that the trial court improperly instructed the jury as to the tort of bad faith, the trial court's judgment is due to be affirmed because, he says, ACIPCO failed to demonstrate in its brief how it was harmed by the erroneous jury charge. However, we reject Williams's argument without reaching the question whether ACIPCO showed that the erroneous jury charge was injurious, because we find the trial court's instruction to be such a misstatement of the law of contracts applicable in this case as to constitute reversible error even without proof of harm.See Beneficial Management Corp. v. Evans, supra. We, therefore, conclude that the trial court erred to reversal by incorrectly charging the jury on the tort of bad faith.
Although our decision to reverse this case on the basis of the trial court's improper jury charge is dispositive of this appeal, we choose to address, in the interest of judicial economy, the second issue raised in this appeal.
The second issue concerns the trial court's allowing an accountant, who was not offered as an expert witness, to testify as to Williams's damages under the "voluminous records" exception to the best evidence rule. During the trial, Williams offered the testimony of Jack Truitt, a certified public accountant. The trial court, over ACIPCO's objection, allowed Truitt, who was offered as a lay witness, to testify as to the estimated wages Williams would have earned if he had remained at ACIPCO. Truitt was also allowed to give evidence of Williams's actual earnings during the period 1987-90. His testimony was that, according to his calculations, Williams suffered an actual monetary loss of $85,071.18.
ACIPCO argues that Truitt's testimony was improper because, it says, his opinion was based upon assumptions provided to him by Williams's counsel rather than on firsthand knowledge or on records that had been admitted into evidence. ACIPCO further asserts that Truitt's testimony was inadmissible because Williams's counsel did not pose any hypothetical questions to Truitt. Williams, however, argues that firsthand knowledge by Truitt or hypothetical questions to Truitt were not necessary, claiming that Truitt's testimony is admissible under the voluminous records exception to the best evidence rule.
The voluminous records exception to the best evidence rule applies when: (1) documents cannot be conveniently examined in court; (2) the fact to be proved is the general result of an examination of the whole collection; (3) the witness has examined the documents; and (4) the witness is skilled in such matters. Sovereign Camp, W.O.W. v. Hoomes, 219 Ala. 560,122 So. 686 (1929). See also C. Gamble, McElroy's Alabama Evidence
§ 220.01 (4th ed. 1991). The reason for the exception is that any other course would cause great loss of time and would tend to confuse the jury. Sovereign Camp, W.O.W. v. Hoomes, supra.
Although Williams argues that Truitt's testimony was properly admitted *Page 858 
under the voluminous records exception, we disagree. After reviewing Truitt's testimony, we find that the requisites for the application of the voluminous records exception were not met in this case.
As support for the application of the voluminous records exception, Williams claims that Truitt's calculations were based on information produced by ACIPCO and supplied to Truitt by Williams's counsel. For example, Williams contends that Truitt, in making his calculations, relied on plaintiff's exhibit 7, which consists of numerous ACIPCO records. However, Truitt testified at trial that he had never reviewed plaintiff's exhibit 7.
Furthermore, Williams's counsel objected to ACIPCO's cross-examination of Truitt on the ground that Truitt was unfamiliar with the documents that supposedly form the basis of his alleged summary calculation. After the trial court overruled Williams's objection and ACIPCO's cross-examination of Truitt continued regarding plaintiff's exhibit 7, Truitt testified that he did not understand the documents upon which his alleged summary calculation was supposedly based.
It appears from the record that Truitt neither reviewed nor understood the documents that supposedly form the basis of his opinion. It also appears that Truitt did not summarize any documents, but based his testimony solely on assumptions given to him by Williams's counsel. Truitt admitted that he could not support his calculations by reference to the documents, and he admitted that, to his knowledge, the assumptions that Williams's counsel provided to him were based solely on counsel's speculation, not his. Truitt went on to say: "I'm not speculating. I'm saying this, I based it on these assumptions, somebody else's speculating, I'm not speculating, I based it on these assumptions." For these reasons, we hold that Truitt's testimony was not admissible under the voluminous records exception to the best evidence rule. Therefore, we conclude that the trial court erred in admitting Truitt's testimony into evidence.
The judgment of the trial court is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
[1] All shares of common stock in ACIPCO are held in trust for the benefit of ACIPCO employees, according to the provisions contained in the will of John J. Eagan. This Court has previously considered the rights of ACIPCO employees and has held that in the ACIPCO community, a contractual precondition to discharge is that an employee be found to have violated one or more of the established plant rules. See Farlow v. Adams,474 So.2d 53 (Ala. 1985); Smith v. American Cast Iron Pipe Co.,370 So.2d 283 (Ala. 1979).
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.