The plaintiffs appeal from a judgment entered on a jury verdict for the defendant in a wrongful death case that arose out of a death that occurred at a construction site when a trench caved in on a worker. Two issues are presented: (1) whether the trial court reversibly erred in refusing the plaintiffs' proposed instructions regarding the reserved right-of-control test for determining a person's status as an employee or independent contractor; and (2) whether the trial court misstated the law in its instructions to the jury regarding the "loaned servant" doctrine. We hold that the trial court's instruction to the jury on the law relating to independent contractors was incomplete; therefore, the trial court erred in refusing to instruct the jury as requested by the plaintiffs.
The deceased worker was an employee of Brasfield Gorrie General Contractors, Inc. ("B G"). Because the question of whether the defendant Hosea O. Weaver Sons ("Weaver") was an independent contractor or whether B G had reserved the right to control the manner in which the work was done was one of the most critical facts for the jury to determine, we set out, rather extensively, the facts surrounding the accident that caused the death.
The Mobile Water Service System, Inc., entered into a contract with B G to construct a water filtration plant. The project had been essentially completed when a leak was discovered in a large 48-inch water main, buried approximately 18 to 20 feet below the surface. The original excavation for the pipe had been performed by B G. Freddie Towner, an employee of B G, was called on May 18, 1990, to come in and work at the plant during the weekend while his supervisor, Anthony Jones, was at home. Towner, noticing that the water had begun to reach the surface of the ground, notified Jones of this fact. Jones decided that the pipe would have to be reexcavated and repaired. Because B G had moved its equipment to another job site, Jones, B G's mechanical supervisor, asked Weaver to provide equipment and an operator to excavate the pipe.
On May 21, Weaver delivered a John Deere 692D track-backhoe to the work site. Ladon Hilliard, one of Weaver's regular employees, reported to the site on May 22 to dig up the pipe. Hilliard excavated the pipe, and Towner and another employee of B G entered the trench to repair the leak. A wall of dirt collapsed, killing Towner.
Louise Gordon Towner, Towner's surviving spouse, and Julius Towner, Towner's minor son, acting through Louise Gordon Towner, filed this wrongful death action against Weaver, B G, and Jones. The claim against Towner's employer, B G, was later dismissed.
The jury returned a verdict for Weaver, but was deadlocked regarding whether *Page 1022 
Jones was liable. The trial court denied the plaintiffs' motion for a new trial against Weaver, but entered a judgment for Weaver and made it final pursuant to Rule 54(b), Ala.R.Civ.P. The plaintiffs appeal.
 I.
The plaintiffs' theory is that Hilliard was working in his regular capacity as an employee of Weaver at the time of Towner's death, and that Weaver was an independent contractor. Weaver contends that Hilliard was working under the control of B G and was a loaned servant at the time of Towner's death. If Hilliard was a loaned servant from Weaver to B G, then Hilliard would be Towner's co-employee, and the plaintiffs' action would be barred by the exclusivity provisions of the Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq. SeeGunnels v. Glenn Machine Works, Inc., 547 So.2d 448, 449
(Ala. 1989).
The trial court refused the plaintiffs' proposed instruction stating the test for determining whether Hilliard, the backhoe operator, was an employee of B G or was an independent contractor at the time of Towner's death. It also refused Weaver's proposed instruction regarding the loaned servant doctrine but nevertheless incorporated the instruction into its oral charge.
The plaintiffs' proposed instruction 1, which the trial court refused, stated:
 "The test for determining whether one is an independent contractor or is an employee of another is whether the alleged employer has reserved the right to control the means and agencies by which the work is done, not whether the alleged employer has actually exercised such control.
 "In other words, in order for you to determine whether Ladon Hilliard was the employee of Hosea O. Weaver and Sons on the day of the accident or whether he was the employee of Brasfield Gorrie on the day of the accident, you must determine which employer reserved the right to control the means and agencies by which Ladon Hilliard dug the trench but not whether Brasfield Gorrie or Hosea O. Weaver and Sons actually exercised that control."
C.R. 194. Citing Danford v. Arnold, 582 So.2d 545 (Ala. 1991), as authority for the proposed instruction, the plaintiffs argue that the refusal of the instruction denied the jury an opportunity to find that Hilliard was working under the control of Weaver, an independent contractor, despite what they say was ample evidence to support a claim that he was. We agree that there is substantial evidence that Hilliard was working under the control of an independent contractor.
The relevant part of the charge actually given was as follows:
 "There is some question here as to whether Mr. Hilliard at the time was acting as a servant or employee of which defendant. . . . [A] principal that employs someone is responsible for any acts of that servant or employee done within the line and scope of his employment as such.
". . . .
 "It is the right to control the performance of the work at the time in question that determines the employer/employee relationship.
 "If you are reasonably satisfied from the evidence in this case that at the time of the accident alleged in the complaint, Ladon Hilliard was then and there performing services for Brasfield Gorrie and/or Anthony Jones, who at that time had the right to control Ladon Hilliard in the performance of his services, and if you are further reasonably satisfied by the evidence that Ladon Hilliard was negligent in the performance of his services, and that as a direct and proximate result of such negligence the accident occurred, then your verdict should be for defendant Hosea Weaver."
R. 442-44.
The trial court's instruction did not fully explain the test. There is no mention that it is the reserved right of control, whether actually exercised or not, that provides the *Page 1023 
true test of whether Hilliard was acting as an employee of B 
G or as an employee of an independent contractor. E.g., Gossettv. Twin County Cable T.V., Inc., 594 So.2d 635, 639 (Ala. 1992);Danford, 582 So.2d at 547.
The instruction is incomplete in another respect. Although the trial court explained how the jury could find in Weaver's favor, it did not refer to independent contractors or explain how the jury could find in the plaintiffs' favor if the jury found that Hilliard was working as an employee of an independent contractor.
The trial court has a duty "to instruct the jurors fully and correctly on the applicable law of the case and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for the truth." American Cast Iron Pipe Co. v. Williams, 591 So.2d 854,856 (Ala. 1991). "A party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for a new trial." Hood v.Slappey, 601 So.2d 981, 983 (Ala. 1992). The record includes substantial evidence that Hilliard was working as an employee of Weaver, an independent contractor. The plaintiffs were entitled to an instruction on that theory. Because we conclude that the instruction was incomplete, we cannot hold that the failure to give the proposed instruction was harmless error, as Weaver suggests.
 II.
The plaintiffs also argue that the trial court reversibly erred when it gave Weaver's proposed instruction regarding the loaned servant doctrine, on the ground that it was an "incorrect statement of the law as to one concerning a control." R. 447. The plaintiffs now argue what they should have stated to the trial court, as reasons for the objection, that the word "control" should have been qualified by the words "reserved right of" and that the instruction did not mention the employee's consent or acquiescence as an element. The issue was not preserved for review because the objection was not specific enough to afford the trial court an opportunity to correct the instruction. See, e.g., Coleman v. Taber,572 So.2d 399, 402 (Ala. 1990).
We conclude that the trial court erred in refusing the plaintiffs' proposed jury instruction regarding the right-of-control test. We reverse the judgment and remand the cause for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.