James E. Campbell sued Eaton Corporation and other named defendants under the AEMLD after he was injured by electrical shock while he was tightening the door to a starter in a motor control unit. He alleged that the motor starter manufactured by Eaton was defective because it was not guarded by a line shield to protect workers from electric shock. The trial judge gave the jury a special verdict form containing the following question:
 "3. Has the Defendant proved by a preponderance of the evidence that a proximate cause of the accident was:
". . . .
 "(b) The Plaintiff's failure to use reasonable care to avoid injury to himself?"
In his oral charge, the trial judge explained,
 "Question 3(b) is what is sometimes referred to in the law as a defense of contributory negligence. And this is asking whether the Plaintiff failed to do something that under the circumstances or under similar circumstances a careful person would have done to avoid injury to himself. Did he do something a reasonably careful person would not have done? Did he fail to do something a reasonably careful person would have done under the same or similar circumstances? That is what Question 3(b) is asking, and whether, if so, that was a proximate cause of this accident."
Based upon the jury's answer of "yes," to question 3(b), the trial judge entered his opinion and order, holding that Campbell was barred from recovery because of his misuse of theproduct. However, the trial court never charged the jury that the plaintiff's negligence had to relate to the use of the product. *Page 575 
I do not believe, in recognition of the weight of American jurisprudence on this issue, that contributory negligence should serve as a defense in an AEMLD action. See my dissent inGeneral Motors Corp. v. Saint, 646 So.2d 564 (Ala. 1994). However, I recognize that a majority of this Court, in Saint, has held that contributory negligence in the use of a product is an allowable defense that bars recovery in an AEMLD action. I write to emphasize that even under the holding in Saint, a jury charge on contributory negligence in an AEMLD action should state that the negligence must relate to the plaintiff's use of the product.
In Saint, Pamela Saint sued General Motors Corporation ("GM"), under the AEMLD, claiming that her car was not crashworthy because its seat belt assembly had failed to protect her adequately from enhanced injuries in an accident. Among other defenses, GM asserted contributory negligence, claiming that Saint had failed to exercise reasonable care in using the seat belt. The trial court's refusal of GM's requested jury charges on contributory negligence was a critical issue in Saint. Although this Court held that a charge on contributory negligence was warranted, it explained that only contributory negligence "in the use of the product" is an allowable defense in an AEMLD action. 646 So.2d at 575. Thus, in an AEMLD action, the plaintiff's negligence is relevant as a defense only when it relates to the use of the product.
Our opinion in Dennis v. American Honda Motor Co.,585 So.2d 1336 (Ala. 1991), also demonstrates this concept. In that case, Dennis sued Honda under the AEMLD, claiming that Honda had manufactured a defective helmet and that he had suffered injuries because of the defect. Honda alleged that Dennis had been contributorily negligent both in wearing the helmet and in causing the accident. The trial judge charged the jury on contributory negligence with regard to both allegations, and the jury returned a verdict in favor of Honda. In reversing the trial court's judgment based on that verdict, this Court held that Dennis's negligence in causing the accident was not a bar to an AEMLD action, because that negligence did not involve the use of the allegedly defective product. This Court did not hold that Dennis's negligence relating to the use of the allegedly defective product (the helmet) was not a defense in the product liability case. As Saint held, contributory negligence in an AEMLD action is a defense only when the plaintiff's negligence relates to the use of the product.
According to American Cast Iron Pipe Co. v. Williams,591 So.2d 854, 856 (Ala. 1991), "it is the duty of the trial court to instruct the jurors fully and correctly on the applicable law of the case and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth." In an AEMLD action, contributory negligence has been defined as the failure to exercise reasonable care in using the product. Williams v.Delta Int'l Machinery Corp., 619 So.2d 1330, 1332 (Ala. 1993);Harley-Davidson, Inc. v. Toomey, 521 So.2d 971 (Ala. 1988). See also, D. Alan Thomas and Nancy S. Akel, "Products Liability and Contributory Negligence in the Wake of Williams v. DeltaInternational Machinery Corp.," 54 Alabama Lawyer 261 (1993). Therefore, when charging the jury on contributory negligence in an AEMLD action, the trial court must tell the jury that that negligence must relate to the use of the product.
In this case, the trial court did not limit its contributory negligence charge to the plaintiff's use of the product. Rather, the jury was charged on the broad defense of contributory negligence, as evidenced by the oral charge and by the verdict form. The charge did not state that Campbell's negligence, or failure to use care for his own safety, had to relate to the use of the product. In essence, the charge was directed to that kind of negligence relevant in a negligence case, not to that kind of negligence relevant as contributory negligence in an AEMLD case, i.e., the failure to exercise reasonable care in the use of the product. Accordingly, given the precise manner in which the certified question is posed to this Court, I would answer it in the negative. However, if the question had indicated that the plaintiff's negligence related to the use of the product, it would be correctly *Page 576 
answered affirmatively. That is, the focus of the availability of the defense of contributory negligence in an AEMLD action is on the plaintiff's use of the product.