HOUSTON, Justice.
The plaintiffs, Katherine Ann Crittenden, a minor suing by and through her father, Vernon Willard, and Vernon Willard, individually, appeal from a judgment entered on a jury verdict in favor of the defendant, Patina Burden Bright. We affirm.
Nine-year-old Katherine sustained severe personal injuries when.she was struck at an intersection by a vehicle being driven by Bright. Katherine and her father sued Bright, and the case was eventually submitted to the jury on their allegations of negligence.[1] The sole issue presented for our review is whether the trial court erred in refusing the plaintiffs’ request that the jury be instructed on the “rule of the road” set out in Ala.Code 1975, § 32-5A-212(a), which provides:
“Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.”
The plaintiffs argued to the trial court, and they reaffirm their argument on appeal, that Katherine was injured while she was attempting to cross the intersection within an unmarked crosswalk and, therefore, that the rule set out in § 32-5A-212(a) was applicable with respect to the duty owed by a motorist to a pedestrian crossing a road within such a crosswalk. The plaintiffs apparently took the position that § 32-5A-212(a), by negative implication, casts upon a motorist a duty to yield the right-of-way to a pedestrian crossing a road within an unmarked crosswalk at an intersection. Bright, arguing that there was no evidence that Katherine was attempting to cross the road within an unmarked crosswalk when she was struck, took the position that the plaintiffs’ requested instruction should be refused. Bright argues on appeal that the requested instruction was properly refused because, she says, § 32-5A-212(a) deals only with the duty owed by a pedestrian to a motorist and, therefore, was not applicable with respect to any issue in the case. The trial court refused the instruction on the ground that the reference in § 32-5A-212(a) to an “unmarked crossing” was so “confusing” and “nebulous” as to render the section “void and unenforceable.”
The plaintiffs correctly point out that they were entitled to have their theory of the ease, made by the pleadings and the issues, *238 presented to the jury by the proper instructions and that reversible error occurred if the trial court failed to give those instructions. Alabama Farm Bureau Mutual Insurance Service, Inc. v. Jericho Plantation, Inc., 481 So.2d 343 (Ala.1985). However, § 32-5A-212(a) purports to confer upon a “pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection” the duty to “yield the right-of-way to all vehicles upon the roadway.” Bright did not raise contributory negligence as an affirmative defense at trial; therefore, whether Katherine acted so as to contribute to the cause of her own injuries was not an issue. What was at issue, however, was whether Bright breached a duty with respect to Katherine. In connection with this issue the trial court instructed the jury in pertinent part as follows:
“Negligence is the failure to discharge or perform a legal duty owed to the other party. Negligence means the exercise'— the failure to exercise reasonable or ordinary care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances. Therefore, negligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances or the doing — or the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.
“The driver of a motor vehicle upon a public highway is under a duty to exercise reasonable care to avoid inflicting injury or damages upon others who may be lawfully using the same public highway. Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances. The driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon that highway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant driver or operator would have seen, and is negligent if he fails to discover a vehicle or a person upon the highway he could have discovered in time to avoid the injury.
“A driver is also negligent if he sees a person located in a dangerous situation upon a highway and does not then exercise due care to avoid injury or damages to that person.
“A driver of a motor vehicle, seeing a small child near a roadway, cannot presume that the child will not suddenly run onto the roadway. The movements of the child should be watched and all steps taken to avoid injury which a reasonably careful and prudent driver would take under the same or similar circumstances.
“If a person, without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he does not choose the best or safest route of escaping peril or preventing injury is not necessarily negligence, but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.
“The Alabama statute provides for rules of the road, consisting of a number of statutes that the Legislature has passed and enacted regulating the flow of traffic' upon the highways of this state.
[[Image here]]
“I am going to read you section 32-5A-170 ...: ‘No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.’
“And section 171, which is the next section. I will read you the pertinent part of that section: ‘Except when a special haz-
*239 ard exists that requires lower speed for compliance with Section 170 ... ’ that I just read you, ‘the limits hereinafter specified or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle at a speed in excess of such maximum limits. (1) No person shall operate a vehicle in excess of 30 miles per hour in any urban district. ...’
“I’m going to read section 32-5A-213: ‘Notwithstanding other provisions of this chapter or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused, incapacitated or intoxicated person.’
“If you are reasonably satisfied from the evidence that you have heard in this case that the plaintiffs are entitled to recover, that is to say that the defendant was negligent in this case, then you may proceed then to consider the injuries and damages that were sustained by the plaintiffs. Before you may consider — Before you may award any damages for any injuries sustained by either of these plaintiffs, you must be reasonably satisfied that the negligence of the defendant proximately caused that injury or those injuries. In other words, there must be a causal connection between the negligence and the injury before this defendant would be liable for that injury. That’s not — does not apply — That applies in every case, not just this case. The proximate cause of an injury is that cause, which in the normal and probable sequence of events and without the intervention of any new or independent cause, produces the injury and without which injury would not have occurred.”
As the quoted portion of its oral charge reflects, the trial court instructed the jury with respect to Bright’s duty as a motorist on a public road to exercise reasonable care, specifically reading to the jury, verbatim, § 32-5A-170 (“Reasonable and prudent speed”) and § 32-5A-213 (“Drivers to exercise care”), and part of § 32-5A-171 (“Maximum limits”). The trial court was apparently not asked to, and did not, specifically instruct the jury on the rule set out in § 32-5A-211(a) (“Pedestrians’ right-of-way in crosswalk”). That section, which deals with a motorist’s duty with respect to a pedestrian crossing a road within a crosswalk, provides:
“When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.”
Within the context of this case, the instruction requested by the plaintiffs would have constituted nothing more than a statement of an abstract legal principle that was not applicable to any material issue in the case. It is a well-settled rule of appellate review that this Court will not reverse a judgment for the trial court’s refusal of a requested jury instruction that does not relate to the issues being litigated. Brown v. Covington County Board of Education, 524 So.2d 623 (Ala.1988). The trial court did not err in refusing the requested instruction; therefore, the judgment is due to be affirmed.[2]
AFFIRMED.
MADDOX, ALMON, SHORES and COOK, JJ., concur.

. Vernon Wiilard sued for past and future medi-cai expenses associated with Katherine’s injuries.

. We need not determine whether the trial court was correct in concluding that § 32-5A-212(a) is unenforceable.