MONROE, Judge.
Frederick 0. Brown, Jr., sued his insurer, Alfa Mutual Insurance Company, seeking to recover medical expenses he incurred for treatment of injuries he suffered in an automobile accident. In the lawsuit, Brown alleged breach of contract and bad faith failure to pay his medical coverage claim; he alleged other claims that were dismissed before trial.
At the close of Brown’s case-in-chief, the trial court directed a verdict in favor of Brown on his breach of contract claim. The issue whether Alfa acted in bad faith in not timely paying Brown’s medical coverage claim was decided by. the jury, which returned a verdict in favor of Alfa. The trial court denied Brown’s motion for a new trial and his motion to alter, amend, or vacate the judgment. Brown appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
At the time of the accident, Brown was driving a pickup truck owned by his employer, Danka Industries, Inc. Danka was insured by Atlantic Mutual Insurance Company, and that company provided primary uninsured motorist coverage to Brown for the accident. However, the Atlantic policy did not provide medical coverage; therefore, Brown turned to his own insurer, Alfa, for payment of medical benefits. Although the accident occurred in November 1993 and Brown filed his lawsuit in November 1995, it was not until January 1997, just days before the ease was originally scheduled to go to trial, that Alfa paid Brown the benefits owed under the terms of the policy, plus interest.
Brown contends that the trial court erred in instructing the jury on Brown’s burden of proof to recover punitive damages. Specifically, Brown says the trial court erred in telling jurors that Brown would not have met his burden of proof if they had to ask themselves whether he had met the burden.
In reviewing the adequacy of jury instructions, this Court must read and consider the charge as a whole. Grayco Resources, Inc. v. Poole, 500 So.2d 1030, 1033 (Ala.1986). The trial court instructed the jury as to the burden of proof as follows:
“Now, what is this burden of proof? You know, there’s a lot of talk about ‘beyond a reasonable doubt.’ That’s a criminal burden. No such burden exists in this case. Normally it’s to be ‘reasonably satisfied.’ In this case you’re going to hear me talk about ‘clear and convincing evidence.’ But I’m going to define these terms for you. Okay?
“But let me tell you something as simply as I know how to say it: That if you have to ask yourself, ‘Has the plaintiff met the burden of proof?’ then I tell you as simply as I know how to tell you, they have not. If you have to ask yourself, ‘Has the plaintiff met the burden of proof?’ then they have not.”
After discussing other topics, the trial court returned to the burden of proof, explaining:
*97 “For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the plaintiff.
“ ‘Clear and convincing evidence’ means evidence that when weighed against evidence in opposition will produce in the minds of the triers of the facts, and that’s you, a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by ‘clear and convincing evidence’ requires a level of proof greater than a ‘preponderance of the evidence’ or the ‘substantial weight of the evidence,’ but less than ‘beyond a reasonable doubt.’”
In giving the verdict forms to the jury, the trial court said that if Brown had met his burden of proof, then the verdict would be for the plaintiff; if he had failed to meet the burden of proof, the verdict would be for the defendant.
Out of the jury’s presence, Brown objected to the charge regarding the burden of proof, saying that to reach a decision in this case, the jurors had to ask themselves whether Brown had met his burden of proof, but that the trial court had told the jurors that if they had to ask themselves whether the burden of proof had been met, then it had not been met. The trial court then called the jury back into the courtroom and gave the following curative instruction:
“[THE COURT]: One of the first things I said is this: If you have to ask yourself whether the plaintiff has met its burden of proof, then I say they haven’t. Isn’t that what I said, Kimberly?
“[JUROR]: Yes, sir.
“[THE COURT]: All right. What I meant by that was simply this. If there’s some question in you mind as to whether they met the legal standard, they have not met it. Okay? And I don’t know any other way to say it. Now, they — there’s some people say that I confused you by saying that and then, if you believe the plaintiff has met its burden of proof, then one verdict and then the other verdict. Do you understand what I’m referring to? Kimberly, I’m talking to you and everybody else. But do you understand?
“[JUROR]: Yes, sir.
“[THE COURT]: Okay. Let me take it one step further. I’m not going to give you a quiz, but I think I told you that we usually talk in terms of ‘reasonably satisfied by substantial evidence,’ didn’t I? ‘Clear and convincing evidence,’ right?
“[JUROR]: Mm-hm.
“[THE COURT]: And ‘beyond a reasonable doubt.’ Let me, if I can, with my hand give you an example. Okay? To reasonably satisfy, if you consider that my hand is the scale of justice, to reasonably satisfy by substantial evidence would be a tipping of those scales. ‘Clear and convincing evidence’ would be more tipping of those scales. ‘Beyond a reasonable doubt’ is all the way down. But that’s criminal, only applied in criminal cases, ‘beyond a reasonable doubt.’ Okay? Do you understand that?
“[JUROR]: Mm-hm.
“[THE COURT]: So, I’m saying, you know, it’s not sufficient to allege something. You have to prove it, and prove it what? In this case by clear and convincing evidence and if they — if you have to ask yourself that, I say for the fourth time, then they haven’t done it.”
Brown’s attorney again objected, saying the curative charge was confusing. In reading the jury charge as a whole, and in reading Brown’s appellate brief, we conclude that the confusing thing here is the interpretation Brown’s counsel is putting on the jury charge. No one contends that the proper burden of proof in this case is not proof by clear and convincing evidence. The trial court’s explanations as to what is meant by the term “clear and convincing evidence” are correct. We agree with Alfa that Brown’s argument takes too literally the trial court’s statement about jurors having to ask themselves whether the burden was met.
Brown seems to argue that because there was substantial evidence to support a verdict in his favor, the jury must have been confused by the trial court’s instructions. We disagree. The jury charge as a whole cor *98 rectly explains what is meant by a “clear and convincing” burden of proof, and the trial court did not err in charging the jury on the burden of proof.
Brown also contends that the trial court erred in refusing to give certain of his requested charges. Specifically, Brown argues that the trial court erred in refusing to instruct the jury that, in a bad faith ease, an intent to injure the plaintiff may be inferred from the insurance company’s reckless indifference to information submitted in support of a claim for insurance benefits or its refusal to investigate the claim. By the court’s not giving the requested charges, Brown says, the jury was not charged on the law relating to his theory of the case.
“The law is clear that the refusal of a requested charge is not error where the trial court’s oral charge ‘substantially and fairly’ covers the same principles as the requested charge.” Volkswagen of America, Inc. v. Marinelli, 628 So.2d 378, 384-85 (Ala.1993); Rule 51, Ala. R. Civ. P. Additionally a party is entitled to have its theory of the case, made by the pleadings and the issues, presented to the jury by the proper instructions. Crittenden v. Bright, 652 So.2d 236 (Ala.1994); Alabama Farm Bureau Mut. Ins. Serv., Inc. v. Jericho Plantation, Inc., 481 So.2d 343 (Ala.1985). Reversible error occurs when a trial court gives an incorrect or misleading instruction to the jury regarding the theory of the case, and, in such a case, a new trial is required. American Cast Iron Pipe Co. v. Williams, 591 So.2d 854, 856 (Ala.1991).
Brown’s contention is not supported by the record. The record shows that the trial court fully and correctly charged the jury bn the elements of bad faith and the inferences that can be drawn to show bad faith. In instructing the jury on the elements of bad faith, the trial court explained as follows:
“In this case the Plaintiff asserts that the Defendant Alfa intentionally failed to determine whether there was an arguable reason for denying the Plaintiffs claim for medical benefits when it referred the Plaintiff Brown to Atlantic Mutual Insurance Company regarding medical pay coverage. In this regard and as to this issue, I further charge you that as to the Plaintiffs assertion that the Defendant Alfa was guilty of bad faith, the burden is upon the Plaintiff to reasonably satisfy you from the evidence of the truthfulness of each of the following claims.
“Number one, again, that there was an insurance contract between the parties; two, that the terms of the contract — that by the terms of the contract, the Defendant Alfa was obligated to pay the Plaintiffs claim for medical pay benefits; three, that the Defendant insurer intentionally refused to pay the Plaintiffs claim; four, that there was no reasonably legitimate, arguable or debatable reason for their refusal to pay, that is, no reason that was open to dispute or question; and, five, that the Defendant Alfa intentionally failed to determine whether there was a reasonably legitimate, arguable or debatable reason to refuse to pay the Plaintiffs claim for medical pay benefits.
“As you have been instructed, the burden is upon [the plaintiff] to reasonably satisfy you from the evidence that the defendant, Alfa Mutual Insurance Company, had actual knowledge that there was no reasonably legitimate, arguable or debatable reason for its refusal to pay. As an alternative to, and substitute for, proving the element of actual knowledge on the part of the defendant, Alfa Mutual Insurance Company, [the plaintiff] may prove instead that the defendant, Alfa Mutual Insurance Company, intentionally failed to determine whether there was a reasonably legitimate, arguable or debatable reason to refuse to pay [the plaintiffs] claim. In making that determination the relevant question before you would be whether the claim was properly investigated and whether the results of the investigation were subjected to a reasoned and informed evaluation and review before the claim was denied. Furthermore, [the defendant’s] knowledge of the lack of a reasonably legitimate, arguable or debatable reason for its reason to pay or its reckless disregard of the lack of such a reason may be inferred and imputed to an insurance company where it has exhibited a reckless indif *99 ference to facts or proof submitted to it by the insured.”
The trial court then went on to give a detailed explanation regarding inferences -and how to apply them.
The charges Brown says the court improperly denied would have told the jurors essentially that an intent to injure can be inferred from reckless indifference to the facts Brown submitted to Alfa in support of his claim. While the trial court’s charge may not have used wording identical to the words used in Brown’s requested charges, we conclude, having reviewed the jury charges as a whole, that the oral charge “substantially and fairly” covered the same principles as the requested charges. The trial court did not err in denying Brown’s requested charges on inferences that could be drawn from a finding of reckless indifference.
The judgment is affirmed.
AFFIRMED.
YATES'and THOMPSON, JJ„ concur.
ROBERTSON, P.J., concurs specially.
CRAWLEY, J., concurs in the result.